PATRICK KELLY vs. JESSE T. SEELY and another.

December 29, 1880.

Notes, etc., given for Sowing-Seed—Prerequisites to Statutory Lien on Crop.— Gen. St. 1878, c. 39, §§ 21, 22, provide a way in which a person making a sale or loan of " sowing-seed " may, for his security, acquire a lien upon the crop grown therefrom. *Held*, that the note or contract by these sections required to be given as a foundation for the lien must be given immediately after, or contemporaneously with, the receiving of the seed. It cannot be given for seed to be furnished at some time after the execution of the note or contract. Also, that the note or contract must contain a statement of the quantity of seed actually furnished and received. Also, that a note for a quantity of wheat, a part of which was not furnished and was. not to be furnished until after the execution of the note, and a part of which never was furnished, does not comply with the substantial requirements of the statute, and the party taking it cannot, through it, acquire the statutory lien for seed actually furnished.

Replevin for 400 bushels of wheat, taken by defendants from plaintiff's possession on September 10, 1879. The wheat in question was raised in the year 1879, by one William Kelly, on certain land in Wabasha county described in

the complaint. The defendants claimed title by virtue of a chattel mortgage made to them by William Kelly on April 18, 1879, of all the crop then growing on the land in question. The plaintiff claimed the wheat as holder of a note of William Kelly given, on March 19, 1879, for seed, of the value of $193, from which the crop was raised, and by virtue of the statutory lien given in such cases by Gen. St. 1878, c. 39, §§ 21, 22, quoted in the opinion. The defendants' mortgage and the plaintiff's note were both duly filed, the note being filed first. At the trial in the district court for Wabasha county, before *Mitchell,* J., the plaintiff's note was put in evidence, as follows:

"HYDE PARK, March 19, 1879.

"On the first day of November, 1879, I promise to pay Patrick Kelly, or order, two hundred and fifty dollars for value received, with interest at the rate of ten per cent. per annum until fully paid. This note is given for 250 bushels of seed wheat this day purchased by Wm. Kelly of the above-named payee, at one dollar per bushel, to be paid for as stated. Said seed grain is to be sown upon the following described premises" (describing them as in the complaint;) "and the said payee and his assigns have full power and are hereby authorized to declare this note due at any time when he or they may deem themselves insecure, even before the maturity of this note.                    WM. KELLY."

It appeared that of the wheat described in the note, only 150 bushels had been delivered to Wm. Kelly when the note was made, and that this 150 bushels had been raised the preceding year by Wm. Kelly himself, and at the time of making the note, Wm. Kelly turned this wheat over to plaintiff at the rate of one dollar per bushel, in payment of a precedent debt, and plaintiff at once sold it to him again at one dollar per bushel, the wheat being worth but 60 cents per bushel. The remainder of the wheat mentioned in the note was not furnished to Wm. Kelly when the note was made, but plaintiff was to procure one Greer to furnish it to him. Plaintiff in

fact procured Greer to furnish 60 bushels only, for which he paid Greer $35.50, and these two amounts were all that Wm. Kelly ever received on account of the note.

The jury having found a verdict of $198.40 for plaintiff, and the defendants having moved for a new trial, the court ordered that a new trial be granted unless the plaintiff file a stipulation that the value of his interest in the property in dispute was $134 and no more, and remitting all the verdict in excess of that sum, and that, on his doing so, the motion for a new trial be denied. The plaintiff filed the stipulation, and had judgment accordingly, from which the defendants appealed.

*E. M. Card* and *W. J. Hahn*, for appellants.

*C. H. Benedict*, for respondent.

BERRY, J. It is enacted in Gen. St. 1878, c. 39, § 21, that "any person who desires to secure a loan or purchase of sowing-seed at any time, may, at the time of receiving such seed, give a note or contract for the same to the party of whom he secures it, stating the amount and kind of seed, the terms of the loan or purchase, and the time and manner of return or payment; and the party furnishing such seed, and receiving such note or contract therefor, may acquire a just and valid lien upon the crop growing or raised from such seed, by filing, as hereinafter provided, said note or contract, or a true copy thereof, or a statement of the amount and kind of seed furnished, and the terms, time and manner of payment." Section 22 provides that "the note, contract or statement, or copy thereof, * * * shall, in order to constitute such lien, be filed with the town clerk of the town in which the borrower resides, or in which the land on which said seed is sown is situated; * * * and from the time of filing such note, contract or statement, or copy thereof, the party loaning the seed, or assigns, shall have a valid first claim and lien upon the growing crop and the crop grown from such seed, to the amount and according to the terms of

the contract, against all creditors and purchasers, as well as against the owner."

The lien thus provided for was wholly unknown to the laws of this state until the passage of this statute. It is in all respects a creature of this statute, and therefore it can be acquired only by substantially following its provisions. Our reading of the statute, so far as it is important in this case, is this. Any person desiring to secure a loan or purchase of sowing-seed at any time of the year, whether just before the season of sowing or otherwise, may, at the time when he receives the seed, and not at any other time, give a note or contract for the seed received to the person from whom he secures it, stating the amount and kind of seed so received, etc.; and the party furnishing such seed, and receiving such note or contract therefor, may acquire a lien, etc., by filing, etc., said note or contract, or a true copy thereof, or a statement of the amount and kind of seed which has been furnished; and from the time of filing such note, contract, or statement, or a copy thereof, each as the case may be, containing a statement of the amount of seed received, shall have a lien, etc.

: If this reading of the statute is correct, the note or contract required must be given immediately after or contemporaneously with the receiving of the seed. It cannot be given for seed to be furnished at some time after the execution of the note or contract. The note or contract must also contain a statement of the amount—that is, of the quantity—of seed received. The purpose of the statute being to give the person furnishing the seed a lien upon the crop grown therefrom, as against the creditors of the owner of the crop, and persons purchasing of him, it may fairly be conjectured that the legislature intended to prevent the privilege thus accorded to the parties to the note or contract from being used as a cover for fraud. They therefore required that the note or contract should be founded upon an actual delivery of seed, and not upon a promise to deliver it—in other words, that it should

be founded upon actual value received; and in the same spirit they further provided that the quantity and kind of seed actually furnished should be stated in the note or contract, and that these, or a copy or statement, should be filed in a public office, thus requiring the parties to spread upon record and make public the consideration of the note or contract which the lien was to secure, so that the creditors of the owner of the crop, and persons dealing with him, might be accurately informed as to what was claimed by the parties to be the consideration of the note or contract, and thereby be put in an advantageous position to investigate the transaction and detect fraud, if any there was.

If these were the intentions of the legislature and the purposes of the statute, (as we conceive them to have been,) the plaintiff's claim in this action cannot be sustained. If the 150 bushels of wheat furnished by the plaintiff himself were all that were mentioned in and covered by the note, it is very possible that, upon the evidence, his lien to the extent of the price of that quantity might be sustained. But the vice of the note is that of the remainder of the wheat mentioned in the note, none was or was to be furnished or received until after the execution of the note, and nearly half of it (at least) was not furnished or received at all. The amount of wheat stated in the note was, then, never furnished or received, and consequently the note does not state the amount furnished or received. For these reasons we are of opinion that the note failed to comply with the substantial requirements of the statute, and that, therefore, the plaintiff could not and did not acquire the lien which the statute gives.

Judgment reversed.