JAMES P. WALLACE *vs.* HENRY PALMER.

December 1, 1886.

**Chattel Mortgage—Lien of Seed-Grain Note.**—Under Gen. St. 1878, c. 39, §§ 21, 22, no lien is created by an instrument purporting to be a seed-grain note, where the terms of the statute are not in fact complied with, and where the crop upon which the lien is claimed is not grown from seed actually furnished by the party receiving such note.

This action was brought in a justice's court in Otter Tail county, to recover for the alleged conversion of certain wheat, and was removed by appeal on questions of law and fact to the district court for the same county, and there tried by *Baxter*, J., a jury having been waived. The court found as facts, that on April 27, 1885, one Page, then the owner of the wheat, executed to the plaintiff a chattel mortgage on the same, which was duly filed on April 28, 1885. On March 17, 1885, Page made and delivered to the defendant his certain seed-grain note, in which note it was stated among other things that the same was given for 62 bushels of seed wheat purchased of the defendant by Page to be sown upon the land mentioned in the note, which note was duly filed on March 17, 1885. No seed wheat was actually furnished by the defendant to Page during 1885 to be sown upon the premises described, but in the spring of 1884 the defendant did furnish Page wheat to be sown on the above-mentioned premises and took from Page his seed-grain note, which was of the same import and effect as the one given on March 17, 1885, and was duly filed. The seed-grain note of March 17, 1885, was executed and delivered in the place of the one given the year before. On October 20, 1885, and while the plaintiff's chattel mortgage was in full force and effect and wholly unsatisfied, the defendant took the wheat in controversy and converted it to his own use, claiming it under the seed-grain note of March 17, 1885. The wheat so taken was raised from seed furnished by another person and sown upon the above-mentioned land in the spring of 1885. As a conclusion of law, the court found that the plaintiff was entitled to

judgment, which was entered, and from which* the defendant appeals.

*H. R. Day,* for appellant.

*J. W. Mason* and *Henry Dressler,* for respondent.

VANDERBURGH, J.   Defendant claims that the seed-grain note described in the answer gives him a prior lien over the chattel mortgage under which plaintiff claims the wheat in controversy.   But the trial court was clearly right in adjudging that such note could only be interpreted to be what it purported, viz., a seed-grain note, and that the validity of the lien thereof must depend upon compliance with the statutory conditions.   Though duly filed as required by Gen. St. 1878, *c.* 39, § 22, it did not entitle the defendant to claim any other than the specific lien therein provided upon grain raised from seed furnished by defendant.   But it is admitted that the note was not given for seed from which the grain in controversy was raised, and that defendant furnished no seed grain to the maker of it that year.   No lien was therefore created under the statute.   *Kelly* v. *Seely,* 27 Minn. 385, (7 N. W. Rep. 821.)

It cannot be construed to be a chattel mortgage, though some of the provisions of the statute relating to chattel mortgages are made applicable to such securities.   There is no contract between the parties for a lien or transfer, and the subsequent mortgagee was entitled to raise the question of the invalidity of the lien thereof if the terms of the statute in relation to seed-grain notes are not complied with, so as to entitle the holder to a lien as thereby provided.

Order affirmed.