CHARLES A. SMITH *vs*. ANNA ROBERTS and others. ·

## May 28, 1890.

**Seed-Grain Note—Prerequisites to Lien on Crop.** — Former decisions of this court, *Kelly* v. *Seely*, 27 Minn. 385, and *Wallace* v. *Palmer*, 36 Minn. 126, as to the validity of a "seed-grain" note, followed, and the principles therein stated applied to the facts in this case.

Several rulings made upon the trial of this action—which was one of claim and delivery—considered and held to be correct.

A ction brought in the district court for Traverse county, to recover possession of 1,000 bushels of wheat, raised by one Prescott on a farm cultivated by him, and claimed by the defendant Roberts by virtue of a chattel mortgage made to her by him. The farm was cultivated by Prescott under a contract with Bessie I. Van Doren, the owner, which contained the provisions quoted in the opinion, and also provided that until division the title to the crops should remain in Mrs. Van Doren. The plaintiff claimed title as assignee of a seed-grain note, made by Prescott to Mrs. Van Doren, and under a chattel mortgage from the latter to himself, contending that, under the contract, Prescott had no interest in the grain which he could mortgage until division made with the written consent of Mrs. Van Doren. At the trial before *C. L. Brown*, J., the defendants had a verdict. Plaintiff appeals from an order refusing a new trial.

*John I. Place* and *W. H. Place*, for appellant.

· *J. W. Reynolds* and *W. H. Townsend*, for respondents.

COLLINS, J. Appellant's assignments of error numbered one, two, and four are evidently founded upon a misapprehension in regard to a clause in the contract with Prescott under which he carried on the farm. This clause—so far as is material here—is that Prescott shall not "sell or remove, or suffer to be sold or removed, any of the products or produce of said farm or premises, of any kind, character, or description, until the division thereof, without the written consent" of the owner of the farm. The words "without the written consent" do not refer to a division of what may be produced; they simply pro-

hibit a removal of the products or produce from the premises before they have been divided, unle ss the owner aforesaid shall have consented in writing. The language is plain and easy of comprehension. Again, if this was not the case, but the meaning of the clause in question was as appellant assumes, the parties to the contract could dispense with or waive any of its terms. And evidence that they had agreed orally upon a division, and had actually divided the crop without writings, would not tend to vary, or alter, or contradict the terms of a written contract.

2. The trial court very properly charged the jury to disregard the so-called "seed-grain note." It was undisputed that the grain for which it was given, upon the farm when Prescott took possession, was deliver( d to him by its owner, the payee in the note, under an agreement for an exchange of grain. Prescott, who had wheat elsewhere, was to deliver at Herman to Mrs. Van Doren, the owner of the grain and the farm, an equal number of bushels, and thus save hauling for both parties. Later on, when he had seeded the farm with the grain so delivered him—in part, at least—he alleged an inability to comply with his part of the agreement relative to an exchange. And thereupon, at a time not exactly fixed by any of the witnesses, but proba bly in July, the note was made, antedated to May 1st, and delivered to Mrs. Van Doren. Under these circumstances it was not a valid lien on Prescott's share of the crop, as against respondent's mortgage. *Kelly* v. *Seely*, 27 Minn. 385; *Wallace* v. *Palmer*, 36 Minn. 126; *Nash* v. *Brewster*, 39 Minn. 530.

3. It is possible, as appellant argues, that if this verdict be allowed to stand, he has not received that share of the grain covered by his mortgage. But there is abundant testimony on which the jury could have found, as they undoubtedly did, that the grain was divided as it came from the threshing-machine, Prescott's share then being placed in what was known as the "middle bin" in the granary. It was from this bin that the grain in controversy was taken, and not from the bins in which had been placed that set apart to Mrs. Van Doren in the division.

Order affirmed.