THOMAS LAVIN, Plaintiff and Respondent, *v.* CLAYTON E. BRADLEY, Defendant, ANNA G. CLAYTON and WILLIAM E. CLAYTON, Defendants and Appellants.

**1. Seed Lien—Description of Land.**

. Under the statute authorizing a seed lien, (Comp. Laws, § 5490,) the "account in writing" must embrace a description of the land on which the seed has been or is to be planted. Where such description of the land was omitted, *held*, fatal to the lien.

**2. Same; Pleading in Action to Foreclose.**

In an action to foreclose such lien, where the complaint shows affirmatively that the land is not described in the account in writing which was filed, *held*, that such complaint does not state a cause of action so far as the lien is concerned, and that an order of the district court overruling a demurrer thereto will be reversed.

**3. Same; Court Will Not Amend Claim of Lien.**

*Held, further*, that a court of equity will not reform such "account in writing" to make it conform to an oral understanding between the parties to the seed-lien transaction by inserting a proper description of the land therein. The lien arises on the statute, and does not depend for its existence upon a contract. Such lien can only be acquired by a substantial compliance with the statute which authorizes the lien.

**4. Same; Same; Not Even if Error Was Caused by Fraud of Lienee.**

*Held, further*, that the fact that a description of a different tract of land from that upon which the seed was sown was inserted through either the design or inadvertance of the party to whom the seed was furnished will make no difference with the rule above laid down.

(Opinion Filed November 29, 1890.)

*A*PPEAL from district court, Traill county; Hon. WM. B. McCONNELL, Judge.

F. W. Ames, for appellants, cited: Mushlett v. Silverman, 50 N. Y. 360; Malter v. Falcon M. Co., 2 Pac. Rep. 50; Beals v. Cong. B'nai Jeshuran, 1 E. D. Smith, 657; Rugg v. Hoover, 10 N. W. 473; Hooper v. Flood, 54 Cal. 218; McElivee v. Sandford, 53 How. Pr. 90; Valentine v. Ransom, 10 N. W. 338; Penrose v. Calkins, 19 Pac. 641; Lindley v. Cross,

31 Ind. 109 (S. C. 99 Am. Dec. 610)—all to the point that to secure a statutory lien, a full compliance with the statute is necessary. That the court cannot reform the notice of lien: Goss v. Strelitz, 54 Cal. 640; Lindley v. Cross, *supra.*

A. B. Levisee, for the respondent: Equity relieves against mistake, not only in cases of contract, but in other cases: Hutchinson v. Ainsworth, 15 Pac. 82; Ross v. Williams, id. ib. 47; Gebel v. Weiss, 8 Atl. Rep. 889; Burgess v. Graffan, 10 Fed. 216: The strict rule applied in descriptions in mechanics' liens is not proper here, because the seed lien does not affect realty.

WALLIN, J. This is an action to foreclose a seed lien sought to be enforced under Comp. Laws. §§ 5490–5495, (Sess. Laws 1887, c. 150.) The complaint is as follows:

"(1) That the defendant Clayton E. Bradley on the 30th day of March, 1889, executed and delivered to this plaintiff his certain promissory note bearing said date, whereby he promised to pay to this plaintiff, or to his order, on or before the 1st day of October, 1889, three hundred and thirty dollars, with 10 per cent. annual interest thereon from the date thereof.

"(2) That plaintiff is still the holder and owner of said note which is now past due and wholly unpaid.

"(3) That the consideration of said note was three hundred bushels of seed wheat sold and delivered by this plaintiff to said Clayton E. Bradley for the express purpose of seeding a certain half section of land, which he then spoke of as the land which he had recently purchased from Clayton, and as the Clayton farm, or the Clayton tract, to-wit, the north half of section thirty-two of township one hundred and forty-seven of range fifty-one, the same lying and being in the county of Traill, aforesaid, for the crop of 1889.

"(4) That within thirty days after the sale and delivery of said seed wheat as above set forth, to-wit, on the 30th day of March, A. D. 1889, this plaintiff, for the purpose of securing the payment of the price of said seed wheat, prepared and filed a notice of said lien, which notice is in the words and figures as follows:

"'A.

"'Clayton E. Bradley to Thomas Lavin, Dr. March 30th, 1889. To 300 bushels of seed wheat, at $1.10 bushel, $330.

" 'SEED LIEN.

" 'Territory of Dakota, county of Traill—ss: Thomas Lavin, being sworn, says that on the 30th day of March, A. D. 1889, he made and entered into a contract with Clayton E. Bradley of the township of Ervin, county of Traill, territory of Dakota, to furnish and deliver to said Clayton E. Bradley three hundred bushels of seed wheat of the value of $330, for seeding purposes only, for the year 1889, and that said seed wheat was sown on the north half of section twenty-two, township one hundred and forty-six, range fifty-one, in Norway township, Traill county, Dakota territory; that under and by virtue of said contract the said seed wheat so furnished was of the value of three hundred and thirty dollars, as specified in the annexed account, marked "A," at the respective dates, and at and for the respective prices specified in said account; that said account is a just, true, and full statement of the seed wheat so furnished to the said Clayton E. Bradley, under said contract, for seeding purposes, and growing of crops for the year 1889 aforesaid, and that there is due and owing thereon to Thomas Lavin, after allowing all credits, the sum of three hundred and thirty dollars, for which a seed lien is hereby claimed in favor of the said Thomas Lavin upon said crop, including the land upon which the same is, under chapter 119 of the 17th session of the legislative assembly of 1887, of the territory of Dakota. THOMAS LAVIN.

" 'Subscribed and sworn to before me this 30th day of March, A. D. 1889. F. W. AMES, Notary Public, Traill County, D. T. [Seal.]

" 'Territory of Dakota, County of Traill—ss.: Clayton E. Bradley, being duly sworn, on oath says, that he made a contract, as stated in the written affidavit, and purchased the wheat as therein set forth, at the time and prices set out in the account hereto annexed, and the same is to be sown on land therein described. CLAYTON E. BRADLEY.

" 'Subscribed and sworn to before me this 30th day of March,

A. D. 1889.   F. W. AMES, Notary Public, Traill County, D. T. [Seal.]'

"That the said seed lien was duly filed in the office of the register of deeds in and for the county of Traill aforesaid, on the 2d day of April, 1889.

"(5)   Plaintiff resides about twelve miles from the Clayton farm or tract on which said Bradley intended to sow said wheat, and plaintiff did not personally know the description of said lands.   The said notice of seed lien was drawn at Mayville, about twenty-five miles from the county-seat, and plaintiff had no opportunity to ascertain the correct description of said land, by consulting the records, without incurring the delay, trouble, and expense of a trip to the county-seat expressly for that purpose.   Plaintiff was therefore compelled to rely on the defendant Bradley for a description of the land to be sown, and said Bradley by error or design gave the description incorporated in said lien as above set forth, instead of giving the true one, to-wit, the north half of section 32, township 147, of range 51.

"(6)   That said Clayton E. Bradley sowed the said seed wheat on the north half of section 32, and the crop of wheat grown on said land in the season of 1889, and all of it, was the product of the seed furnished by this plaintiff, as above stated, the said defendant Bradley; and said defendant Bradley did not sow or plant any wheat on said section 22, township 146.

"(7)   That said defendants Anna G. and William E. Clayton were well and fully informed of the fact that this plaintiff had furnished the said Clayton E. Bradley the seed to sow the crop grown on the north half of said section 32, in the year 1889, and that said defendants at all times, from seed-time to harvesting of said crop, well knew that this plaintiff claimed a seed lien on said crop, and was equitably entitled thereto.

"(8)   That said Anna G. and William E. Clayton, nor either of them, have not been in any respect misled or deceived by any error, defect, or misdescription in said seed-lien notice, nor have their interests, or the interests of either of them, been, in any respect or degree, prejudiced by any such error, defect, or misdescription.

"(9) That the said Clayton E. Bradley is totally insolvent, and absconded from the state of North Dakota about the 1st day of July, 1889; and that this plaintiff has no visible means or prospect of recovering his said claim against him except by virtue of said seed lien.

"(10) That the said defendants Anna G. and William E. Clayton, without the consent or approval of this plaintiff, have illegally and wrongfully taken possession of and have appropriated to their own use and benefit the entire crop of wheat grown on the north half of section 32 of township 147 of range 51, and wrongfully and illegally detain the possession thereof, and every part thereof, from this plaintiff, to his injury and damage to the full amount of his claim, principal and interest, as herein set forth.

"(11) That there is now due the plaintiff on his said claim the principal sum of $330, and 10 per cent. annual interest thereon, from the 30th day of March, 1889, to this date, to-wit, $30.70, making total amount now due, besides costs, $360.70.

"Wherefore the plaintiff prays: (1) That he have judgment against the defendant Clayton E. Bradley, for three hundred and sixty dollars and seventy cents, with 10 per cent. annual interest thereon from the 5th day of March, 1890, until fully paid. (2) That he be allowed a seed lien on all the crop of wheat grown on the north half of section 32, of township No. one hundred and forty-seven of range fifty-one, in the county of Traill, in the year 1889. (3) That said lien be foreclosed according to law, to pay and satisfy plaintiff's claim, principal, interest, and costs. That the defendants Anna G. and William E. Clayton be ordered to deliver to this plaintiff said crop of wheat, or so much thereof as will fully pay and satisfy the amount of $360.70 and all accrued interest and taxable costs; or, in default of said delivery, that plaintiff have judgment absolute against said Anna G. Clayton and William E. Clayton for the full amount of his claim, principal and interest thereon, from the 5th day of March, 1890, until fully paid, and costs of suit to be taxed. (5) That, if the court should be of the opinion that the notice of seed lien above set out is not in all respects a sufficient compliance with the requirements of the statutes to entitle plaintiff to the benefit of a seed lien, then and in that event plaintiff prays

the court to correct and reform said notice to make it conform to the intention of the parties thereto, and to order its execution and enforcement so reformed. (6) Plaintiff prays for costs, and for general an equitable relief in the premises."

To this complaint the defendants Anna G. and William E. Clayton interposed a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The district court overruled the demurrer, and from the order overruling the demurrer, the defendants, the Claytons, appeal to this court. The only question presented for our decision, is the question of the sufficiency of the complaint as against the appellants.

It appears by the complaint that seed grain was furnished by plaintiff to the defendant Bradley upon an oral understanding that it was to be sown upon the north half of section 32, township 147, range 51, in Traill county, and that Bradley did sow the grain on that tract, and that a crop was produced from the seed grain the same year. The fact further appears by the complaint that plaintiff in due time filed an account, in writing, conforming to the requirements of § 5492, Comp. Laws, except that the same did not embrace a description of the land upon which the seed so furnished had been or was to be sown; but did contain a description of a wholly different tract upon which no part of the seed was sown or expected to be sown. The contention of appellants' counsel is that the omission to describe the right land in the "account in writing" is fatal to the lien. In this counsel is entirely correct. No requirement of the statute under consideration is plainer, and certainly none is more important, than the provision of § 5492 requiring that the land on which the seed is sown or will be sown should be described in the instrument which is put on file. In construing the seed-lien statute, the fact must not be overlooked that the lien given is wholly statutory in its nature and origin. It was unknown at common law, and hence can neither be acquired nor enforced unless there has been a substantial compliance with the act of the legislature from which the lien arises. Kelly v. Seely, 27 Minn. 385, 7 N. W. Rep. 821. The lien may be obtained without the consent of the party to whom the seed

is furnished, and without resort to legal proceedings. The lien is entirely analogous to the liens of mechanics and material-men, and such liens are never extended by the courts beyond the fair and reasonable import of the language used in the statute. Mushlett v. Silverman, 50 N. Y. 360; Hooper v. Flood, 54 Cal. 218; Malter v. Mining Co., (Nev.) 2 Pac. Rep. 50; Gordon Hardware Co. v. San Francisco, etc., R. Co., (Cal.) 22 Pac. Rep. 406; Phil. Mech. Liens, § 428. But the respondent claims in the complaint that the court, if it deems the description in the instrument filed to be defective, should reform such instrument, and "make it conform to the intention of the parties thereto." The power to reform a contract in a case where, by reason of mistake or fraud, it does not embody the true agreement of the parties, certainly exists in courts of equity. But the power relates only to contracts voluntarily entered into; it has no application to cases like the case at bar, where the lien sought to be obtained does not originate in any contract, and may as well be had in cases where there is no contract for a lien as in cases where such contract is made. In this case the lien can only be acquired by complying with the statute, and the right to reform the instrument which is filed cannot be exercised. The case of Lindley v. Cross, 99 Amer. Dec. 610, is in point. In the opinion, page 613, the court say: "The lien of the mechanic or material-man is created by statute, and, before either can avail himself of such a lien, the statute must be complied with." And also see Goss v. Strelits, 54 Cal. 640.

Another point, one not suggested by counsel, is equally fatal to the sufficiency of the complaint. The first section of the statute (5490) gives a lien only when the seed is furnished "to be sown or planted upon any lands owned, used, occupied or rented by such person," *i. e.*, the person to whom the seed is furnished. There is no averment in the complaint that the seed was furnished to be sown or planted upon any such land. The statement made in the complaint (paragraph 3) that the seed was sold and delivered to Bradley for the purpose of seeding certain land which Bradley then "spoke of as the land which he had recently purchased from Clayton," comes far short of being an allegation that Bradley at that time owned such land,

or had actually purchased it prior thereto, or at any time. No attempt is made in the complaint to allege that the seed was furnished to be sown on any land either rented or occupied by Bradley. In paragraph 6 of the complaint it is averred "that the said Clayton E. Bradley sowed said seed wheat on the north half of section 32," etc. This naked statement, in the absence of averments showing a use or the right to use the tract for cropping purposes, falls short of meeting the requirement of statute. Nothing is stated inconsistent with the idea that Bradley sowed the seed on section 32 under a mere license to enter, obtained from the owner to enter upon and fulfill a contract to seed the land and furnish the seed, and do no more. If such were the fact, and it is not inconsistent with the complaint, no lien would attach to the crop, even if purchased by Bradley for the express purpose of seeding the land upon which it was sown by him. For this omission in the complaint, as well as that first noticed, the order overruling the demurrer to the complaint must be reversed, and the action must be dismissed as against the appellants. It will be so ordered. All concur.