J. E. O'BRIEN *et al. vs.* WM. FINDEISEN.

Submitted on briefs Jan. 19, 1892. Decided Jan. 25, 1892.

Estoppel by a Recital in Title Papers.—In a chattel mortgage, the clause, "free from all incumbrances of any kind, except a seed-grain note on said crop for $27," does not estop the mortgagee to deny the existence or validity of such note.

Seed-Grain Note, when Valid.—*Warder-Bushnell & Glessner Co.* v. *Minnesota & D. Elevator Co.*, 44 Minn. 390, followed as to what furnishing of seed grain will support a seed-grain note.

Appeal by plaintiffs, J. E. O'Brien *et al.*, from an order of the district court, Polk county, *Mills*, J., made January 31, 1891, refusing a new trial.

Replevin commenced in justice court, Polk county, by J. E. O'Brien *et al.*, December 27, 1889, against William Findeisen, to recover possession of 147 bushels of wheat; value, $75. Plaintiffs had judgment in the justice court. Defendant appealed to the district court, where it was tried, July 18, 1890. After hearing the evidence, the judge directed a verdict for defendant.

*Wilkinson & O'Brien*, for appellants.

*A. A. Miller*, for respondent.

GILFILLAN, C. J. Replevin for 147 bushels of wheat grown in the season of 1889 on the land of one Sharon; plaintiffs claiming it under a "seed-grain" note executed by Sharon, dated December 10, 1888, and defendant claiming under a chattel mortgage executed by Sharon, dated March 23, 1889. Of course, if the seed-grain note is valid, plaintiffs' right to the possession is superior to that of defendant. There was evidence showing that in November, 1889, Sharon

delivered the wheat to plaintiffs in satisfaction of their note; but, as that was subsequent to defendant's mortgage, plaintiffs could get no right, as against the mortgagee, by that transaction. Their case must stand on the validity of the seed-grain note. In the defendant's mortgage is the clause, "and free from all incumbrances of any kind, except a seed-grain note on said crop for $27,"(which was the amount of plaintiffs' note.) Plaintiffs claim that this estops defendant from questioning the validity of the seed-grain note. It was undoubtedly notice of such a note, if there was one. But as decided in *Calkins* v. *Copley*, 29 Minn. 471, (13 N. W. Rep. 904,) an exception of this kind does not estop the grantee in a deed from denying the existence or questioning the validity of the excepted incumbrance. From the evidence the jury might have found the facts respecting the giving of the seed-grain note to be these: The plaintiffs held the note of Sharon secured by a mortgage on his crop of 1888, and, the debt being due, sent their agent to collect it. Sharon was unable to pay, and had only thirty bushels of wheat left of his mortgaged crop, and wished to retain that for seed; and the agent, to enable him to seed and go on with the farm, and also to avoid a foreclosure, agreed to take, and did take, in settlement of the old note and mortgage, the seed-grain note for the thirty bushels, at ninety cents a bushel, and the wheat was sown the next spring. If the jury had found that to be the transaction, and that it was *bona fide* the purpose to furnish or leave to Sharon seed to be sown the next year, then the case would come within the decision in *Warder-Bushnell & Glessner Co.* v. *Minnesota & D. Elevator Co.*, 44 Minn. 390, (46 N. W. Rep. 773.) It ought to have been left to the jury to determine what was the nature of the transaction, and whether *bona fide* or only a device to obtain security for an old debt.

Order reversed.

(Opinion published 50 N. W. Rep. 1035.)