STEARNS, Respondent, v. McHUGH et al. (McHugh and Others, Appellants).

(151 N. W. 888.)

(File No. 3634. Opinion filed March 27, 1915. Rehearing Pending.)

1. Conveyancing — Mortgages, Deeds — Boundary Lines — Improvements as Monuments—Locative Call.

A sheriff's certificate of sale, a sheriff's deed upon foreclosure of a mortgage and a mechanic's lien, and a foreclosure judgment described the premises by metes and bounds, adding that it was the same property upon which was situated a named ice-plant, but which plant was located on an adjoining lot. Held, that such reference to the ice-plant was not a locative call, not a monument in and part of the survey, and such reference did not effect the description by metes and bounds.

2. Reformation of Instruments—Mortgage and Sheriff's Deed, Erroneous Description—Suit to Reform Deed Only.

Where a mortgage, by reason of mistake, did not clearly describe the premises, held, that the description therein cannot, after foreclosure judgment, sheriff's sale and issuance of sheriff's deed, be reformed simply in an action to reform the deed.

3. Mechanics' Liens—Erroneous Description—Reformation.

The description in a mechanic's lien cannot be reformed and a lien enforced thereunder, as against land that was not included in the description. So held, where, in addition to a metes and bounds description, there was added in the mechanic's lien, a reference to an ice-plant located upon another lot which was sought to be included in the instrument as reformed.

4. Deeds—Construction—Description by Metes and Bounds—Reference to Outside Improvements as Monuments.

In a deed otherwise accurate and unambiguous, an erroneous reference to an alleged monument, situated outside of the metes and bounds description and upon another lot, may be disregarded.

5. Mortgage, Description—Evidence of Intent to Embrace Other Property—Mistake—Sufficiency of Evidence.

In a suit to reform a sheriff's deed, held, that the evidence was insufficient to show an intent to embrace in a mortgage foreclosure judgment property other than that described by metes and bounds in the mortgage, or to show mutual mistake in reference thereto. Dictum.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by Henry Stearns, Trustee, against Charles E. McHugh and others and the Baker Ice-Machine Company, for re-

formation of a sheriff's deed. From a judgment for plaintiff, and from an order denying a new trial, the first-named defendants appeal. Judgment and order reversed and case remanded.

*Hayes & Heffron,* for Appellants.

*Eben W. Martin,* and *Norman T. Mason,* for Respondent.

(1) Under point one of the opinion, Appellant cited: White v. Lunning, 93 U. S. 940; Barclay v. Howell, 6 Peters, 482; Shipp v. Miller, 2 Wheaton, 250.

(3) Under point three of the opinion, Appellant cited: 2 Pomeroy's Equity, 675-6; Wagar v. Briscoe, 38 Mich. 592; Lavin v. Bradley, (N. D.) 47 N. W. 385; Lavin v. Bradley, (N. D.) 47 N. W. 386; Mushlitt v. Silverman, 50 N. Y. 360; Malter v. Mining Co., (Nev.) 2 Pac. 50; Hooper v. Flood, 54 Cal. 218; Phil. Mechn. Liens, Sec. 428; Lindley v. Cross, 31 Ind. 106; Goss v. Strelitz, 54 Cal. 644; Smith v. Bowder, 141 N. W. 787; McCormack v. Phillips, 4 Dak. 528.

(4) Under point four of the opinion, Appellants submitted that: The words relating to the icehouse do not constitute an artificial monument; and cited, to the general proposition: Roberts v. Wilcoxen, 36 Ark. 355; Portones v. Badenoch, (Ill.) 23 N. E. 349; Adams v. Cook, 55 Texas, 161.

Respondent cited: 4 Enc. Law, pp. 764-5, and note, p. 784; McGray v. Monarch Co., 16 S. D. 111; Tyler v. Haggart, 19 S. D. 167; Arneson v. Spawn, 2 S. D. 279; Propper v. Wohlwend, (N. D.) 112 N. W. 967; Case v. Dexter, (N. Y.) 13 N. E. Rep. 450.

GATES, J. The defendants Anna F. McHugh and Mary Ellen Butler, sisters, were the owners of property fronting 249.9 feet on North Main street, in the city of Deadwood, extending back from the street 19 feet at its easterly end and 45.5 feet at its westerly end. For the purpose of convenience of reference and to avoid technical metes and bounds descriptions, we may describe it as consisting of three parcels, viz.: Tract, A, fronting 104 feet on Main street, and extending back from the street 19 feet at its easterly end and 24.5 feet at its westerly end; tract B, lying 102.4 feet on Main street, and extending back from the street 40 feet at its easterly end and 45.5 feet at its westerly end. Between and connecting these tracts was tract C, fronting 43.5 on Main street, and extending back from the street 24.5 at its

.easterly end and approximately 27.5 at its westerly end. This property was acquired from their mother, the defendant Susan K. Butler. Upon tract A there has been for many years a residence, spoken of in the testimony as the "Butler residence," in which they and their mother and Charles E. McHugh, husband of Anna F. McHugh, resided. Charles E. McHugh erected an artificial ice plant upon tract B. The defendant Baker Ice Machine Company furnished machinery therefor, and took as security a mortgage on tract A. The Stearns Company furnished material for the erection of the building, and, not being paid therefor, filed a mechanic's lien upon tract A. Foreclosure of the mortgage was begun by the Baker Ice Machine Company. The Stearns Company intervened. The pleadings in the foreclosure proceedings and in intervention described the property by metes and bounds, which we have identified as tract A, and which was the same tract as contained in the mortgage and in the mechanic's lien. The judgment adjudged the foreclosure of both the mortgage and the mechanic's lien, and awarded the mechanic's lien priority. The judgment, the sheriff's report of sale, and the sheriff's deed issued to Henry Stearns, trustee, contained the same description, but in each of them there was added to the description these words "and is the same property upon which is situate what is known as the McHugh ice manufacturing plant."

Plaintiff brought this action alleging that he was the owner of the property described by metes and bounds which we have designated as tract B, claiming that such property, and such property only, was the property known as the McHugh ice manufacturing plant; that it was mutually so understood by all the parties in the foreclosure action, and "that the judgment of foreclosure rendered by the court in that action was given upon the understanding and belief that it was induced and concurred in by all of the parties thereto," and that by mutual mistake the property herein designated as tract A was included, and asked that the description in the sheriff's deed be corrected to cover only tract B to correspond with the intention of the parties.

Upon the conclusion of the evidence the plaintiff asked leave to amend the complaint to conform to the proof in this case by alleging:

"That the mutual mistake counted on and consisting in the fact that the court and the parties intended to litigate concerning, and to have described in the judgment not only the property described by metes and bounds in the judgment, but also the property described as being the property known as the McHugh ice plant, together with the tract intervening between the two tracts just mentioned; the whole being treated and considered as one part"

—which leave was granted notwithstanding the objection of the defendants. There was no apparent reason for the request to amend, except that upon the trial it had developed that Mrs. McHugh and her sister were the owners of the intervening tract C.

The court found the facts for the plaintiff, and entered judgment adjudging the plaintiff to be the owner of all three tracts and corrected the sheriff's deed accordingly. From the judgment and order denying a new trial all of the defendants, except the Baker Ice Machine Company, appeal.

Among the findings of fact objected to by appellants, was the following:

"That what is known as the McHugh ice manufacturing plant is, and was during the entire course of the litigation hereinbefore referred to, an artificial monument well known and established consisting of buildings, machinery, etc., on concrete foundations of a substantial and permanent character."

The following conclusion of law is also assailed:

"That the metes and bounds portion of the description contained in said sheriff's deed and in the decree of foreclosure upon which the same was issued must give way to the artificial and permanent monument in said description contained to-wit: what is known as the McHugh ice manufacturing plant, and that the said metes and bounds description must be extended so as to cover and include said artificial and permanent monument."

Appellants contend that the foreclosure judgment, sale, and deed carried only tract A, and that the additional words in the description, "and is the same property upon which is situate what is known as the McHugh ice manufacturing plant," did not enlarge or change the description, otherwise the effect would be that a description in a mechanic's lien would be capable of

reformation, and that the same was so reformed by the judgment of foreclosure. Respondent concedes that a description in a mechani's lien is not capable of reformation, but contends that the judgment of foreclosure is conclusive upon all of the parties, and that the correctness of inserting the additional words of the description in the judgment cannot be inquired into by reference to the description of the premises in the pleadings; that the judgment of foreclosure, the sale, and the deed rest both upon the foreclosure of the mortgage and of the mechanic's lien, and that, in support of the judgment it will be conclusively presumed that evidence was offered justifying the adding of the new descriptive words, and that the only remedy the then defendants had was by appeal, and that the ice manufacturing plant, being a permanent monument referred to in the additional words of the description, must control over the metes and bounds description which precedes them.

[1] Respondent has quoted the following rule as applicable to the situation:

"Where a description consists in part of metes and bounds, and in part of a reference to a natural or artificial monument, and they conflict, the monument will control the metes and bounds" —and has cited the following authorities in support thereof: 4 Enc. Law, pp. 764, 765, and note page 784; McGray v. Monarch Co., 16 S. D. 111, 91 N. W. 457; Tyler v. Haggart, 19 S. D. 167, 102 N. W. 682; Arneson v. Spawn, 2 S. D. 279, 49 N. W. 1066, 39 Am. St. Rep. 783; Propper v. Wohlwend, 16 N. D. 110, 112 N. W. 967; Case v. Dexter, 106 N. Y. 548, 13 N. E. 450.

Assuming this rule to be a general rule for the determination of boundary lines, still the monument contemplated in that rule is a monument that is in, and a part of, one of the calls in the survey. Those decisions and that rule do not contemplate that a metes and bounds description correct in itself can be altered or changed by any such reference as was appended to the judgment, the sheriff's certificate of sale, and sheriff's deed in this case. The so-called monument is not a locative call. Jones v. Andrews, 72 Tex. 5, 9 S. W. 170; Hanson v. Red Rock Twp., 4 S. D. 358, 57 N. W. 11. See, generally, 4 R. C. L. pp. 100-111. Such a rule has no application to the present situation.

[2] Assuming that, if this description had been contained in an ordinary deed, it would have been proper to reform the deed to cover the premises known as the McHugh ice manufacturing plant, or assuming that in an action for the foreclosure of the mortgage the description in the mortgage might, under proper pleadings, have been reformed to cover the ice plant, it cannot be done after judgment and after the issuance of the sheriff's deed simply by an action to reform the deed. Wiltsie on Mortgage Foreclosure (2d Ed.) § 710; 28 L. R. A. (N. S.) p. 906, note 2.

[3] And in any event it could not be done so as, in effect, to reform the description in the mechanic's lien, because the lien cannot be enforced on land that is not included in the description. Rockel on Mechanics' Liens, § 104; Wagar v. Briscoe, 38 Mich. 592; Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384; Lindley v. Cross, 31 Ind. 106, 99 Am. Dec. 610; Gross v. Strelitz, 54 Cal. 644.

[4] The added words in the description in the sheriff's deed cannot now serve to defeat the accurate and unambiguous description preceding them. The rule, "Falsa demonstratio non nocet," is applicable to this situation. 13 Cyc. 630; 4 A. & E. Ency. (2d Ed.) 797.

[5] But, even if there were no other grounds upon which our decision should rest, an examination of the evidence convinces us that there was not sufficient evidence to show that Mrs. McHugh, or her sister, ever intended to mortgage to the Baker Ice Machine Company, any property except that described in the mortgage. The undisputed evidence, so far as they are concerned, is the other way. Nor was the evidence sufficient to justify the fourth finding of the trial court in regard to the mutuality of mistake so far as the defendant Anna F. McHugh and Mary Ellen Butler are concerned.

The judgment and order appealed from are reversed, and the cause remanded for further proceedings not inconsistent herewith.

POLLEY, J., not sitting.