BOVEY-SHUTE LUMBER COMPANY, a Corporation, Appellant, v. EDMORE (EVORE) THOMAS, Fred S. Cropper, Peter J. Keefe, H. C. Bear, and Farmers & Merchants Bank of Leeds, North Dakota, a Corporation, Respondents.

(171 N. W. 859.)

**Liens — seed lien — compliance with statute.**

1. A seed-lien statement under Comp. Laws 1913, § 6852, which is signed by the vice president of a bank, and which directly claims a seed lien in favor of such bank, and which further states the kind and quantity of seed furnished, its value, and the name of the person to whom furnished, and a proper description of the land upon which the same was sown, substantially complies with the statute, as against the objection raised that the lien statement does not show affirmatively that the bank furnished the seed, or possessed any interest in the grain.

**Liens — owner's share of crop — right to lien for seed furnished.**

2. In an action brought by the holder of a sheriff's certificate of sale to recover the owner's share of certain wheat under its right to receive the rents, or the value of the use of land during the period of redemption, where a defendant bank has interposed a counterclaim alleging a seed lien to exist upon such wheat for the seed furnished therefor, and from which the same was grown, and where the evidence discloses that the bank furnished such seed wheat to the party, either as a chattel mortgagee in possession of such seed wheat, or as a party to whom the owner thereof had turned over such seed wheat, it is *held* that the bank is entitled to enforce a seed lien upon such grain, as the party who furnished the same, within the meaning of §§ 6851 and 6852, Compiled Laws 1913.

Opinion filed March 15, 1919.

Action to recover certain grain; defendant bank interposed counter-claim alleging a seed lien thereupon.

From a judgment rendered for the bank, and from the order of the District Court, Benson County, *Buttz,* J., overruling a motion for judgment *non obstante,* the plaintiff appeals.

Affirmed.

*R. A. Stuart* and *Cuthbert & Smythe,* for appellant.

The seed lien was unknown at common law; and hence can neither be acquired nor enforced unless there has been a substantial compliance with the act of the legislature from which the lien arises. Kelly v. Seely, 27 Minn. 385, 7 N. W. 821; Mushlitl v. Silverman, 50 N. Y. 360; Hooper v. Flood, 54 Cal. 218; Malter v. Mining Co. (Nev.) 2 Pac. 50; Gordon Hardware Co. v. San Francisco R. Co. (Cal.) 22 Pac. 406; Phil. Mech. Liens, 428; Lindley v. Cross, 99 Am. Dec. 610; Goss v. Strelits, 54 Cal. 640; Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384.

The findings must be sufficient to support the judgment. Holt v. Van Eps, 1 Dak. 206, 46 N. W. 689; Dole v. Burleigh, 1 Dak. 227, 46 N. W. 692; Anderson v. Alseth (S. D.) 62 N. W. 435.

No action for conversion can be maintained unless the plaintiff shows a general or special ownership in the property converted, and possession or a legal right to immediate possession at the time of the conversion. Parker v. First Nat. Bank (N. D.) 4 N. W. 313; Martin v. Hawthorne (N. D.) 63 N. W. 895.

The benefits of statutory liens can be realized only by strict compliance with the statute. Martin v. Hawthorne, supra; Moher v. Rasmussen (N. D.) 95 N. W. 152; Chaffee v. Eidinger (N. D.) 151 N. W. 223; Smith v. Dawler, 141 N. W. 786; Mark Paine Lumber Co. v. Douglas County Improv. Co. 94 Wis. 322, 68 N. W. 1013; Rosholt v. Corlett, 106 Wis. 474, 82 N. W. 305; Caylor v. Thorn, 125 Ind. 201, 25 N. E. 217; Robbins v. Blevins, 109 Mass. 219; Berry v. McAdams, 93 Tex. 431, 55 S. W. 1112; Neeley v. Searight, 113 Ind. 316, 15 N. E. 598; Schulenburg v. Bascom, 38 Mo. 188; Clark v. Edwards, 119 N. C. 115, 25 S. E. 794; Shafer v. Archbold, 116 Ind. 29, 18 N. E. 56; N. D. Lbr. Co. v. Bulger, 125 N. W. 883; Stoltz v. Hurd (N. D.) 128 N. W. 115; First Nat. Bank v. Peavey Elevator Co. 72 N. W. 402. See also Joslyn v. Smith, 2 N. D. 53; 25 Cyc. 683; 17 R. C. L. pp.

597 and 600; 2 Current Law Text (1903–4) p. 738, § 1; Browing v. Belfad, 83 App. Div. 144; Taylor v. Smith, 87 App. Div. 78.

*Sinnes & Duffy* and *Adrian Buttz,* for respondents.

It would not be equitable to permit the plaintiff to obtain the crop grown from the seed furnished and escape paying for such seed, through the merest technicality. Coburn v. Stephens, 137 Ind. 683, 45 Am. St. Rep. 218.

To furnish or supply necessarily carries with it the idea of ownership of, property in, or dominion over, the thing furnished by the one who furnishes. Southern Exp. Co. v. State, 107 Ga. 670, 73 Am. St. Rep. 149; Winslow v. Urquhart, 39 Wis. 268.

Although statutory liens must be substantially complied with, yet it is also true that these liens are remedial in nature, are to be liberally construed, and not to be defeated by mere technicalities. Freeman v. Clark, 2 N. D. 578; Dahlund v. Lorntzen, 30 N. D. 275; Mitchell v. Monarch Elevator Co. 15 N. D. 495, 11 Ann. Cas. 1001; Kehoe v. Hansen, 8 S. D. 198, 59 Am. St. Rep. 759.

BRONSON, J. This is an action of claim and delivery brought by the plaintiff for the possession or the value of certain wheat grown in the year 1917. In substance, the facts disclosed by the record are as follows: The plaintiff foreclosed a real estate mortgage upon the land involved, and received a sheriff's certificate therefor on September 16, 1916; prior thereto it had also redeemed from a prior foreclosure. In the year 1917, the real estate involved was seeded with Marquis wheat, and the landlord's share for that year was 844 bushels, valued at approximately $1,500. The premises during such year were farmed by Edmore Thomas, a cropper, under an oral agreement with Fred S. Cropper, who was then the owner of the premises. Between April 10, 1917, and May 6, 1917, 186 bu. of Marquis wheat were furnished to Thomas, and by him sown upon the land involved. The wheat involved, so grown from this seed, was seized by the plaintiff pursuant to process issued herein. The plaintiff claiming the right thereto under the statute (Comp. Laws 1913, § 7762) granting to the holder of a sheriff's certificate the right to the rents, or value of the use of the property during the period of redemption, maintains this action. The defendant bank interposed an answer setting up a counterclaim alleging that it

had a statutory seed lien upon such grain by reason of having furnished the seed to said Thomas, which was sown upon such land and which produced such crop.

The sole issue presented in the action tried was the right of the bank to enforce its lien upon such grain so taken by the plaintiff.

Upon the trial it was stipulated between the plaintiff and the defendant bank that the amount of the grain taken, the owner's share, was 844 bushels, of the value of $1,509.22; that the land involved was farmed by the defendant Thomas, and that the grain involved was raised upon such farm from the seed wheat furnished to said Thomas. Further, that the only issue for trial was the question of the validity of the seed lien asserted by the defendant bank. The defendant bank, accordingly, at the trial, submitted evidence concerning its right to such seed lien and concerning the value of the said grain so furnished; the trial court upheld the validity of the seed lien, and submitted to the jury only the question of the value of the grain so furnished. The jury returned a verdict for the defendant bank for the sum of $578.09, the amount claimed by the defendant bank, it being stipulated by the parties that, if any recovery were had by the defendant bank, it should be in the nature of a money judgment. Judgment was entered for the defendant bank pursuant thereto. The plaintiff thereafter moved for judgment notwithstanding the verdict. From the judgment so entered, and the order overruling such motion, plaintiff has appealed to this court. The appellant specifies seventeen alleged errors of law. Its principal contentions are: First, that the seed lien of the defendant bank is void; and, second, that the bank had no interest either in such lien or in the grain furnished.

Concerning these contentions, it appears from the record that the defendant bank in 1916 had a chattel mortgage upon the crop of one H. B. Cropper, upon the land involved; that the bank took possession of the crop produced in 1916 and handled the same for Mr. Cropper, giving him certain credits from moneys realized from such crop upon notes owing by Cropper to the bank; that from the proceeds of this crop raised in 1916, there remained some wheat on the land, kept there, including the specific seed wheat involved herein; that H. B. Cropper had turned this wheat over to the bank; that in the spring of 1917 the defendant bank made arrangements with said Thomas to furnish to him

seed wheat out of this wheat so raised in the year of 1916; that the vice president of the bank went out to the place and measured up the wheat; that he instructed Thomas to clean the wheat and to take the screenings to town and sell the same; that Thomas so did, receiving 186 bushels of Marquis seed wheat cleaned; that thereafter Thomas hauled and sold the screenings, and the bank received therefor $233.05; that the bank credited this amount upon notes in the bank owing by said Cropper, and also the sum of $558, the price charged for such seed wheat so furnished to Thomas. The vice president of the bank made and signed a seed lien which in substance states that on April 10, 1917, for and in behalf of H. B. Cropper, he, the vice president, agreed to furnish and deliver, and did furnish and deliver to said Thomas between April 10, 1917, and May 6, 1917, 186 bushels of Marquis wheat, at $3 per bushel upon the land involved herein, and that the bank claimed a seed lien therefor. The plaintiff contends that the lien filed is void for the reason that the lien shows that the bank did not furnish the seed; that the only person entitled to a lien was H. B. Cropper, that, furthermore, the evidence discloses that the bank was not the owner of such grain, and did not furnish the same, and, if it did furnish the same, that it did so as the agent of Mr. Cropper.

These contentions are without merit. It is true that one claiming the benefits of a statutory seed lien must substantially comply with the statute. Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384; Chaffee v. Edinger, 29 N. D. 537, 151 N. W. 223. The seed lien involved herein, in our opinion, does substantially comply with the statutory requirements. Compiled Laws 1913, §§ 6851 and 6852. Although not drawn artistically, it nevertheless states the kind and quantity of seed, its value, the name of person to whom furnished, and a proper description of the land upon which the seed was sown, and the name of the person entitled to such lien. The construction claimed by the appellant, that the lien statement shows that the grain was furnished for and in behalf of said Cropper (whose duty it was to furnish the grain) to said Thomas, cannot be upheld. The only reasonable construction in view of the claim specifically of a lien in favor of the bank made therein is that the bank delivered the grain to Thomas for and in behalf of said Cropper, not that the grain was furnished by Cropper to Thomas. The evidence amply sustains the conclusions of the trial court that the bank furnished

the grain and had an interest in the lien and in the grain furnished; whether the ownership of the bank be predicated upon an absolute ownership on account of the grain having been turned over to the bank by the owner thereof, or a special ownership through a chattel mortgage, accompanied by possession is immaterial; in either event, it had a property right in the grain involved and the right to assert a lien for this grain furnished, as the party furnishing the same, and thereby, releasing its property rights therein. It clearly came within the provisions of the statute granting a seed lien to one who furnishes seed grain. Comp. Laws 1913, § 6851. Furthermore the evidence substantially shows that the defendant bank had paid, or credited Mr. Cropper, for this very seed wheat so furnished to Mr. Thomas. This warrants a finding that the grain was turned over to the bank. The owner thereof had a right so to do without a foreclosure of the chattel mortgage. Taugher v. Northern P. R. Co. 21 N. D. 124, 129 N. W. 752. Furthermore, the law stated fully accords with the equities in this case. The appellant, under the statutory rule granting to it the right to receive the rents or value of the use of this land during the period of redemption, is receiving a direct benefit, to wit, the right to receive grain of the value of $1,500 less the price for the seed wheat involved, which was produced by reason of the fact that the defendant bank had furnished this seed wheat to Mr. Thomas, from which the crop in question was grown.

The other specifications of error herein relate to the rulings of the trial court upon the admission of evidence. We have examined the same and find no prejudicial error to have occurred. It therefore follows that judgment was properly rendered for the defendant bank pursuant to the stipulations of the parties upon the trial and the verdict of the jury rendered. The judgment accordingly is affirmed, with costs to the respondent.