H. Alden Smith and others *vs.* Emily L. Gill, impleaded, etc.

November 23, 1887.

Mechanic's Lien — Property of Married Woman — Evidence of Husband's Agency — Personal Judgment Against Wife. — A provision of the mechanic's lien law, making the "knowledge and consent" of a married woman to the furnishing of material in certain cases evidence that the husband acted as agent of the wife, *held* applicable as a rule of evidence, not merely for the purpose of establishing a lien, but for the purpose of a personal recovery against the wife. But proof of the "knowledge" only of the wife is not sufficient.

Same—Personal Judgment without Lien. — In an action to recover *in personam* for material sold to the defendant, and to have the recovery adjudged to be a lien, under the statute, the former relief may be had, the complaint and the evidence being sufficient, although it be found that no lien had ever been perfected.

Appeal by defendant Gill from a judgment of the district court for Hennepin county, where the action was tried before *Rea, J.*, without a jury.

*Hooker & Nunn*, for appellant.

*E. C. Chatfield*, for respondents.

Dickinson, J.   This action is for recovery against the defendant, Emily L. Gill, of the value of certain building materials alleged to have been purchased by her, and to have declared and enforced against her property an alleged statutory lien for the same.   Upon trial before the court a personal judgment was recovered for the value of the property, but it was found that the alleged lien had not been perfected.   It is now urged that the evidence was insufficient to charge this defendant with liability.   It appears that the transaction constituting the sale was wholly with the husband of the defendant; that the material was sold and delivered to him to be used in the erection of a house upon the land of his wife, and that it was so used.   The goods were charged to the defendant.   There was no evidence that the husband was authorized to act as the agent of the wife, excepting the admission upon the trial that the goods were sold

to the husband "with the knowledge of the defendant," and that it was for, and was used in, the erection of a house being built by him upon her land. This was insufficient as proof of his agency. The mechanic's lien law (Laws 1883, c. 43, amended by Laws 1885, c. 46) declares that the "knowledge and consent" of a married woman to the furnishing of material shall be "sufficient to establish that such husband acted therein as agent of the wife." We deem the statute applicable as a rule of evidence, not merely for the purpose of establishing and enforcing a lien, but also where a mere personal judgment is sought. But the case was not brought within the statute, for the "consent" of the wife was not shown, either directly or by proof of any fact from which consent could be inferred. For this reason there must be a new trial.

The appellant's point that the court had no jurisdiction to render a personal judgment for the recovery of the price of the goods where, as in this case, the plaintiff failed to establish his asserted lien, is not well taken. This was an ordinary civil action, in which, upon the facts alleged as the cause of action, the plaintiff sought relief by a personal recovery upon the contract, and by having the same adjudged to be a specific lien upon certain property, and to be enforced as such. The jurisdiction of the court did not depend upon a case being shown upon the trial which would have justified the granting in full of the particular relief sought. We may add that if the evidence had been such as to have charged the defendant with personal liability upon the contract, it would not have been error to have allowed a recovery *in personam*. *Abbott* v. *Nash*, 35 Minn. 451, (29 N. W. Rep. 65;) *More* v. *Ruggles*, 15 Wis. 275; *Phillips* v. *Gilbert*, 101 U. S. 721; *Patrick* v. *Abeles*, 27 Mo. 184.

Judgment reversed, and new trial ordered.