GOODRICH LUMBER COMPANY *v.* DAVIE ET AL.,
RESPONDENTS.

[Argued, July 11, 1892.   Decided February 6, 1893.]

MECHANIC'S LIEN—*Notice—Sufficiency of description.*—A notice of lien which describes the property as lot 14 in a certain block and city plat can not sustain a lien for materials used in the erection of a building on lot 13, as such description, being neither uncertain, defective, or ambiguous, can not be aided or explained by oral evidence and is therefore not within section 1371 of the fifth division of the Compiled Statutes, providing that any error or mistake in the description shall not affect the validity of the lien, provided the property may be identified by such description.

SAME—*Description.*—The description of the buildings upon the lands sought to be charged with a lien as "that a certain frame building and outhouses" is insufficient to identify the property, as such description would apply to many others

premises in a large city upon which such buildings stood, particularly where the lienor does not depend upon such description but gives a "more particular description" by lot, block, and official plat.

SAME—*Judgment.*—Where the action is upon an account and to foreclose a lien for materials furnished by the plaintiff, the owner, contractor, and a mortgagee being made defendants, it is error for the court upon sustaining demurrers of the owner and morgtagee to the complaint, to render judgment that the plaintiff take nothing by its complaint, as a cause of action was stated against the contractor on the account for materials, and such judgment will be modified accordingly.

*Appeal from Eighth Judicial District, Cascade County.*

Action on an account and to foreclose mechanic's lien. Judgment on demurrer was rendered for the defendants below by BENTON, J. Modified.

Statement of facts prepared by the judge delivering the opinion.

By this action it is sought to obtain a judgment for an account, and to foreclose a lien for lumber and material for a building, supplied by the plaintiff. The defendant Gelsthorpe is the owner. The defendant Davie is the contractor with the owner for the construction of the building, and the person to whom the material was sold. The defendant Welch is a mortgagee under an instrument dated March 21, 1891. The material was furnished between January 8 and May 9, and the lien was filed May 12, 1891. The property against which it is sought to enforce the lien, and that which is actually owned by the defendant Gelsthorpe, is described in the complaint as follows: "Lot thirteen (13) in block two hundred (200) of the city of Great Falls, Cascade county, Montana, as designated on the official plat of the First Addition to the town of Great Falls, aforesaid, as the same is filed in the office of the recorder of Cascade county, Montana." The notice of lien is attached to the complaint as an exhibit. It first mentions the premises as "that certain frame building and outhouses erected upon that certain lot, piece, or parcel of land, hereinafter particularly described." The particular description of the lot found thereafter in the notice is as follows: "That certain lot, piece, or parcel of land hereinbefore mentioned, and to which this lien applies and attaches, is situate, lying, and being in the city of Great Falls, county of Cascade, and state of Montana, particu-

larly described as follows, to wit: Lot numbered fourteen (14) in block number (200) of the city of Great Falls, Cascade county, Montana, as the same is described on the official plat of the townsite of Great Falls, aforesaid, a certified copy of which is on file in the office of the recorder of Cascade county, Montana." The description in the notice of the lien is of lot 14, block 200. The complaint asks foreclosure against lot 13, block 200. To cover the point that the description in the notice of lien was for one lot, and foreclosure is sought against another lot, the complaint has the following paragraph: "Plaintiff further alleges that the description contained in said lien was at the time the only description known to the plaintiff of the premises upon which said building was erected, and that said description was by error and inadvertence placed therein; that block 200 was at said time the only block of that number within the city limits of the said city of Great Falls, and the lot designated within said block, within the description contained in said lien, is adjoining and contiguous to the lot upon which said dwelling-house of the said W. H. Gelsthorpe is erected, and is separated therefrom only by an imaginary line; that the said lot fourteen (14) described in said lien has no buildings whatsoever thereon, as plaintiff is informed and believes; that said lot thirteen (13) is now, and was at all the times hereinbefore mentioned, the only lot in said block two hundred (200) of the city of Great Falls, aforesaid, owned by said W. H. Gelsthorpe, defendant herein, and that said fact is, and was generally known at the time." A motion was made to strike out these allegations. This motion was sustained, then a demurrer to the complaint was sustained, and judgment entered for defendants. The plaintiff appeals. The appearance on this motion and demurrer was by Gelsthorpe, owner, and Welch, mortgagee, only. Davie, the contractor and debtor, did not join in the proceeding. The point of the appeal is whether the description, as made in the notice of lien, is such that "the property may be identified by said description." (Sec. 1371, div. 5, Comp. Stats.)

*Thomas E. Brady,* for Appellant.

The description of the premises sought to be charged with this lien is not contained in the last part of the notice of lien,

which gives the lot and block, and the entire notice must be considered in order to ascertain whether or not the premises are sufficiently described. In the body of the notice the premises are described as a frame building and outhouses erected on the lot hereinafter described, and owned by defendant Gelsthorpe, and which was being constructed for him by defendant Davie as contractor. That would be a sufficient description of itself, without any mention of the lot by number provided the number of the block was correctly given in the notice of lien: and the number of the block was given correctly. (Laws Extra Sess. 1887, p. 71.) This statute, being remedial in its nature should be liberally construed (*Black* v. *Appolonio*, 1 Mont. 342.) The description of the building is a sufficient description of the lot upon which it stands. (*Brown* v. *La Crosse City etc. Co.,* 16 Wis. 555; *Strawn* v. *Cogswell*, 28 Ill. 457; *Dewitt* v. *Smith*, 63 Mo. 263; *McCoy* v. *Quick*, 30 Wis. 521; *Brown* v. *Wright*, 25 Mo. App. 54.) It was for the jury and not for the court to say whether the description was sufficient for identification. (*Cleverly* v. *Moseley*, 148 Mass. 280.) A lien statement which gives the wrong number of the section is not fatally defective. (*National Lumber Co.* v. *Bowman*, 77 Iowa, 706.) If enough appears in the description of the property upon which a mechanic's lien is claimed to enable a party familiar with the locality to identify the premises intended to be described, with reasonable certainty, to the exclusion of others, the description is sufficient. (*Scholes* v. *Hughes*, 77 Tex. 482; *Northwestern Cement etc. Co.* v. *Norwegian etc. Seminary*, 43 Minn. 449; *Brown* v. *Wright*, 25 Mo. App. 54. See, also, *McNamee* v. *Rauck*, 128 Ind. 59; *White* v. *Stanton*, 111 Ind. 540; *Newcomer* v. *Hutchings*, 96 Ind. 119; Phillipps' Mechanics' Liens sec. 379; *Merrigan* v. *English*, 9 Mont. 113.)

*Cooper & Pigott*, for Respondents.

Gelsthorpe was the owner in fee of lot thirteen on which the buildings stood. Therefore the lien must attach, if at all, to both houses and lot. (Gen. Laws, 1887; § 1375; Extra Sess., § 3 Act of Sept. 14th.) There can be no lien upon the building separate from the land in the absence of a positive statute providing for it. (*Kellogg* v. *Littell etc. Manuf. Co.,*

1 Wash. St. 407, and cases there cited; *Kezartee* v. *Marks,* 15 Or. 529.) The description contained in the notice locates the houses on lot fourteen to the exclusion of every other parcel of ground. It is required by the statute, that the property to be charge with the lien shall be identified by the description. The lot is the property to be charged with the lien. The houses thereon are part of the lot, and the lien is a charge upon them only because it is a charge upon the realty. That the houses and lot 13 on which they stand are situated in block 200 is no aid to the description. "Lot of land" in a city means a fractional subdivision of a block, generally limited by fixed boundaries on a recorded plan or plat. The lien claim should be made against that lot only upon which the building is, although the adjoining lots belong to the same owner and have no buildings upon them. (2 Jones on Liens, § 1370, and authorities there cited.) No case cited by plaintiff is authority to support its contention that the description under consideration identifies lot 13 as subject to the lien. The question presented by the record is whether lot 13 is identified by the description in the notice. A claim of lien cannot be reformed. (*Lindley* v. *Cross,* 31 Ind. 106; 99 Am. Dec. 610; *Goss* v. *Strelitz,* 54 Cal. 640.) The same certainty of description is requisite as in case of a levy under execution, so that the court may be informed what land to order to be sold, and the purchaser may be able to locate it. (2 Jones on Liens, § 1422.) In the case at bar, the location of the land is clearly ascertained by a sufficient description in the claim admitting of but one construction. Therefore the description cannot be controlled by evidence of intention tending to establish a different location. We can conceive of no reason why any part of the description should be rejected, but if "lot 14" be rejected, the description is insufficient for then the structures are located somewhere in block 200. Our statute gives a lien to the extent of one lot, whereas the claim of lien, conceding to it the construction most favorable to plaintiff describes a whole block. This affords no identification of the one lot to which the lien is limited. (*Kellogg* v. *Littell etc. Manuf. Co.,* 1 Wash. St. 407; *Bedsole* v. *Peters,* 79 Ala. 133; *Turner* v. *Robbins,* 78 Ala. 592; 2 Jones on Liens, §§ 1422, 1425, and cases cited; *Williams* v.

*Porter*, 51 Mo. 441; *Ranson* v. *Sheehan*, 78 Mo. 668; *Willamette Mill etc. Co.* v. *Kremer*, Cal., Oct. 22, 1890; 24 Pac. Rep. 1026; *Montrose* v. *Connor*, 8 Cal. 344; *Vane* v. *Newcombe*, 132 U. S. 220.)

DE WITT, J.—A recent case in Indiana (1890) says: "The principle drawn from the authorities seems to be this. That a description in a notice of lien cannot be supplied by oral evidence, but that an ambiguity may be explained, and the premises identified." (*McNamee* v. *Rauck*, 128 Ind. 59.) The description in the notice of lien in the case at bar is not defective, or insufficient, or uncertain. It does not come within the class of cases where descriptions of such a nature have been allowed to be helped by averment. The description of the ground is perfectly definite and certain. The only difficulty is that it was a wholly wrong description. The Indiana case remarks that a description in a notice cannot be supplied by oral evidence. That is what is sought to be done in the case at bar—to substitute in the complaint a lot wholly different from the one particularly described in the notice of lien. Again, it is said in the Indiana case: "But the ambiguity may be explained, and the premises identified." There is no ambiguity here, either latent or patent. The notice of lien clearly and particularly describes lot 14. It is alleged in the complaint that lot 13 was the only one in block 200 upon which the defendant Gelsthorpe had any buildings, and plaintiff contends that the buildings were a sufficient identification of the land; and cases are cited where a description of the building was held to sufficiently identify the land. For instance, "the brick city hall to be erected by the city of Hillsboro." (*Scholes* v. *Hughes*, 77 Tex. 482.) Again, "a mill belonging to the party of the second part, at Marseilles," when the party had but one mill. (*Strawn* v. *Cogswell*, 28 Ill. 457.) And other cases where the building was some public or well-known structure, and where the description relied upon was the building alone, and there was no attempt to describe the land, either by metes and bounds, or by lot and block. But in the case at bar the description of the building is, "that certain frame buildings and outhouses." That description would apply to hundreds

of premises in a large city. It is not like a city hall (*Scholes* v. *Hughes*, 77 Tex. 482) or the works of the La Crosse City Gas Light and Coke Company (*Brown* v. *Coke Co.* 16 Wis. 555). The lienor herein does not depend upon the building and outhouses for description, but gives force, in his notice, to what he calls a "more particular description" of the premises: that is, by lot and block, on an official plat filed in a public office. It is said in *Northwestern Cement etc. Co.* v. *Norwegian etc. Seminary*, 43 Minn. 452: "In this state the important means of identifying real estate is, in the case of urban property, the description according to the plat." The same system obtains in this state. In the cities and towns, and even small villages, the system is well nigh universal to describe land by lot and block of the plat of an official survey filed in the proper public office.

Our statute provides: "But any error or mistake in said . . . . description shall not affect the validity of said lien, provided the property may be identified by said description. (Comp. Stats., div. 6, § 1371.) In the description under consideration there is no error or mistake. "Lot 14 in block 200" is certain, definite, or unmistakeable. By it one would identify that piece of ground as officially platted. By it he would not identify lot 13. A description of lot 14 cannot sustain a lien for materials furnished and used in the erection of a building on lot 13. The judgment of the court was that the plaintiff take nothing by its complaint, and that said defendants Gelsthorpe and Welch recover their costs. But a cause of action is stated in the complaint against Davie, the contractor, on an account for the materials furnished to him; therefore the judgment that the plaintiff take nothing by its complaint was not warranted, because all that the court reached was that there was not a cause of action against the owner and a mortgagee. The district court is therefore directed to modify the judgment so that it shall be to the effect that the plaintiff take nothing by its complaint as against Gelsthorpe and Welch only. The judgment as so modified is affirmed.

*Modified.*

PEMBERTON, C. J., and HARWOOD, J., concur.