Ewing & Jewett, Appellants, v. S. B. Allen, *et al.*

**Mechanic's Lien:** PROPERTY COVERED: *Construction of statute.*
Under the provision of the mechanic's lien law, Acts Sixteenth
General Assembly, chapter 100, section 4, that the "entire land
upon which any such building, erection, or other improvement, is
situated, including that portion not covered therewith," shall be
subject to the lien thereby given, a lien for materials furnished
for the erection of a house does not cover a separate house standing
on the same undivided lot, but is confined to the house for which
the materials were furnished, and so much of the lot as is appurte-
nant thereto.

*Appeal from Polk District Court.*—Hon. T. F. Steven-
son, Judge.

Tuesday, October 20, 1896.

Prior to May 28, 1894, the defendant, Minnie M.
Allen, purchased of Elizabeth Allen lot No. 8, in block
D, in Day's addition to the city of Des Moines, Iowa,

and gave to said Elizabeth a mortgage upon the whole of said lot. Upon the north side of said lot there stood a frame dwelling house, which had been erected some twelve years previously. The occupants of said house had always used the whole of said lot in connection with said house. May 28, 1894, Minnie M. Allen made a contract with the appellants to furnish lumber for the erection of a frame dwelling house on the south side of said lot. Nothing was said to appellants, at the time the material was purchased, about there being a house on the north side of said lot, and the only information given them was to the effect that appellee desired to build a house on the south side of said lot. Up to the time of the purchase of said material, the lot had never been divided, either by conveyances, or fences. Within ninety days from the time of the furnishing of the last item of materials by appellants, appellee, Minnie M. Allen, transferred the north half of said lot, upon which the old house stood, to one Miller. This action is brought to foreclose a mechanic's lien claimed upon the whole lot for lumber furnished by appellants, and which went into said house. A decree was entered giving a lien upon the south half of the lot only, and plaintiffs appeal.— *Affirmed.*

*Dowell & Parrish* for appellants.

*Dunshee & Allen* and *W. G. Harvison* for appellees.

KINNE, J.—This case involves the question as to whether one who furnishes material for the erection of a house upon a lot upon which is situated another house—the lot never having been divided, and where the material men are not advised as to any intention to divide said lot—is entitled to a lien upon the whole

lot and both houses, or whether the lien of the material man is to be confined to the house toward the erection of which he furnished material, and so much of the ground as shall be necessary for the enjoyment of said house.    Our statute provides that the mechanic or material man who labors upon, or furnishes materials for, any building, erection, or other improvement upon lands, by virtue of a contract with the owner, his agent, trustee, contractor, or sub-contractor, upon complying with the provisions of the law, shall have "a lien upon such building, erection, or improvement, and upon the land belonging to such owner, on which the same is situated."    Acts Sixteenth General Assembly, chapter 100, section 3.    In section 4, of the same act, it is provided that "the entire land upon which any such building, erection, or other improvement, is situated, including that portion of the same not covered therewith, shall be subject to all liens created by this chapter.    *    *    *"    As the statutes of the several states touching mechanics' liens differ as to the extent of the lien, but little aid is to be had from the decisions of the courts of other jurisdictions upon such questions as the one now before us.    We think the statute should be construed so as to give a lien only upon the building for the erection of which the material was furnished or labor done, and upon the land upon which it actually rests, and, in addition thereto, upon the other land properly appurtenant to the building.    Hence, in this case, appellants would have no lien upon the other house, or upon the ground occupied by it, it not being properly appurtenant to the building for which the materials were furnished. Here, material was furnished for a new house, an independent structure. Upon the same lot, there is another house.    The two buildings are not so situated as to be used by the same persons, or as one dwelling house, but they are separate and distinct; and a certain portion

of the lot must, of necessity, or by reason of con-
venience, be used in connection with each house. In
other words, in such a case the lien extends to the
particular improvement, and the land upon which it
is erected, and to such other land surrounding the
improvement as is properly appurtenant thereto. By
this construction the intent of the legislature is effect-
uated, and we escape the difficulties which would often
arise, and the injustice which would follow, were we
to construe the law as creating a lien in all cases upon
the entire lot, parcel, or division of land upon which
the erection is placed, regardless of independent exist-
ing buildings or erections thereon, or the land upon
which they are situated, or which is properly appurte-
nant thereto. As bearing somewhat upon this ques-
tion, see *Holland v. McCarty*, 24 Mo. App. 82. The
decree of the district court was correct, and it is
AFFIRMED.