## J. J. HOWE & CO. *vs.* W. G. SMITH, ET AL.

Opinion filed April 26th, 1897.

**Mechanic's Lien—Description of Property—Sufficiency.**

> The affidavit filed by appellants for a mechanic's lien on real property described it as lot 5, in block 32, of Keeny & Devitt's addition to Fargo. The property sought to be charged with the lien was lot 5, in block 32, of Keeny & Devitt's Second addition to Fargo. There were two additions made by Keeny & Devitt to the City of Fargo, one being designated on the plat thereof as Keeney & Devitt's addition, and the other as Keeny & Devitt's Second addition. In Keeny & Devitt's original addition there was no block 32, the blocks therein being numbered from 1 to 16, both inclusive. In Keeny & Devitt's Second addition the blocks were numbered from 17 to 41, both inclusive. The respondent owned lot 5, block 32, in Keeny & Devitt's Second addition, and owned no other property in either addition, or in the City of Fargo. *Held*, that the description was sufficient under the statute requiring the affidavit to contain "a correct description" of the property sought to be charged with the lien.

**Description Sufficient Between the Parties.**

> Any description in an affidavit or notice for a lien which will enable a party familiar with the locality to identify the property with reasonable certainty is sufficient as between parties.

**Sufficiency of Description as to Purchasers.**

> Whether, in all cases, such a description would be sufficient as against subsequent purchasers and mortgagees, not decided.

Appeal from District Court, Cass County; *McConnell*, J.

Action by J. J. Howe and A. B. Barton, copartners as J. J. Howe & Co., against W. G. Smith and N. M. Stimmel. Judgment for defendants, and plaintiffs appeal.

Reversed.

*John E. Greene*, for appellants.
*Smith Stimmel*, and *Pollock & Scott*, for respondents.

CORLISS, C. J. · Upon this appeal a single problem presents itself for solution. The action was instituted to foreclose a mechanic's lien on real property. The sole defense is that the affidavit for lien is fatally defective, in that it does not contain "a correct description" of the property to be charged with the lien, as required by the statute. Rev. Codes, § 4791. The land involved

is situated in the City of Fargo, in this state. Its accurate description is "lot 5, block 32, Keeny & Devitt's Second addition to the City of Fargo." It is described this way in the lien with the exception of the word "Second." That is omitted from the description. It appears that there are two Keeny & Devitt's additions to the City of Fargo, one being described as Keeny & Devitt's addition, and the other as Keeny & Devitt's Second addition. In Keeny & Devitt's addition there is found no block 32. The numbers of the blocks in that addition stop at No. 16. In Keeny & Devitt's Second addition the numbering of the blocks begins at 17, Nos. 1 to 16, both inclusive, being not found in that addition at all; and the numbers run from 17 to 41, both inclusive. It is apparent, therefore, that unless the description contained in the affidavit for a lien relates to lot 5, in block 32, Keeny & Devitt's Second addition, it describes no land whatever. The case before us is not a case in which the description which does not accurately describe the land sought to be charged with the lien does in fact describe another piece of real property with technical exactness. In such a case there is no ambiguity to be cleared up by a resort to extrinsic facts. It is a case where the lienor has precluded all possibility of his claim that he intended to describe the land he is seeking to subject to a lien, because he has explicitly described another parcel of real estate, and because no reformation of the description is in such cases permitted. When one lot is designated in the lien in terms which point it out with absolute precision, no room is left to inquire whether another lot was intended. If, in this case, it appeared that there was in fact in Keeny & Devitt's original addition a block numbering 32, containing a lot numbered 5, we would be compelled to adjudge the description insufficient. This is the utmost scope of the decision of the court in *Lumber Co.* v. *Davie*, (Mont.) 32 Pac. Rep. 282, so much relied on by counsel for respondent. In that case lot numbered 14 was described in the lien, and the property sought to be charged with the lien was lot 13.

It has for many years been laid up among the elementary principles of the law relating to mechanics' liens that technical accuracy of description in the instrument filed to perfect the lien is not required. Such instruments are often prepared by persons possessing no legal skill, and the courts, out of indulgence to their want of the requisite knowledge, have adopted the rule that no amount of looseness in the description of the premises intended to be affected will vitiate the lien, provided the property is so designated therein that one familiar with the locality can identify the land with reasonable certainty. Phillips in his work on Mechanic's Liens, states, in § 379, the rule in the following language: "That if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their papers; and it is not necessary that the description should be either full or precise. It is enough that the description points out and indicates the premises, so that, by applying it to the land, it can be found and identified." In *Tulloch* v. *Rogers*, (Minn.) 53 N. W. Rep. 1063, the court said: "It has been held by this court, following the well-settled rule elsewhere, that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of other premises, it will be sufficient, and that it is enough that the description as found in the statement points out and indicates the premises so that, by applying it to the land, it can be found and identified; and also that less certainty of description is required in the case of affidavits for liens than in deeds of conveyance." In *Bassett* v. *Menage*, *Id*. 1064, the court observed that "the lien statement is a notice merely of the claim of the material man or mechanic, and while, in substance, it must comply with the requirements of the statute, the same fullness or precision is not required as in the

case of a conveyance or judgment. If there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient." In *Northwestern C. & C. P. Co.,* v. *Norwegian, etc., Seminary,* (Minn.) 45 N. W. Rep. 868, the court said: "The affidavit for a lien is neither a process, pleading, judgment, nor conveyance, but merely a notice of the claim of the mechanic or material man; and while it must undoubtedly, in substance, comply with the requirements of the statute, yet the same fullness or preciseness is not required as in the case of a conveyance or judgment. The general rule as to the sufficiency of such notices is that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. It is enough that the description points out and indicates the premises so that, by applying it to the land, it can be found and identified." In *De Witt* v. *Smith,* 63 Mo. 263, the court states the same rule in the following language: "As to what will be regarded as a sufficient description to sustain a mechanic's lien, the general rule seems now to be that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. It is enough that the description points out and indicates the premises so that, by applying it to the land, it can be found and identified." Tested by the doctrine of these cases,—a doctrine universally recognized,—it is evident that the property was described with sufficient accuracy to make such description a "correct description," within the meaning of the statute. No one familiar with the locality and with all the facts—as the owner

must be deemed to be—could possibly misunderstand what property was meant. There was only one lot upon which the respondent Stimmel was erecting a building in the city of Fargo, and only one lot in the entire city owned by her. The description of this lot answered perfectly to the description contained in the affidavit for lien, so far as that description went. It was palpable that lot 5, in block 32, of Keeny & Devitt's original addition, was not meant, for there was no such lot to be found therein. It was also evident that the appellants intended to describe property owned by the respondents. They so declare in their affidavit. They assert that their purpose is to file a lien on lot 5, of block 32, Keeny & Devitt's addition to the City of Fargo, owned by the respondents. It is found that the respondents did in fact own lot 5, in block 32, of a Keeny & Devitt's addition to Fargo, but this addition is described in the plat on file as their Second addition. The appellants did not state that the property was in the first or original addition, but merely that it was in Keeny & Devitt's addition to the City of Fargo. Now, there was just such an addition to the city containing the lot in question, and it was in this addition alone that any such lot could be found. All necessity for discriminating sharply between these additions in describing property within them respectively was obviated by the mode of numbering the blocks therein. The same numbered block is not in a single instance to be found within both. Block 15 can be found only in the original addition. Block 32 can be found only in the Second addition. The number of the blocks would invariably demonstrate which one of the additions made by Keeny & Devitt the lot was in, whatever mode of describing the addition might be adopted. We regard this as a plain case. The mass of authority in support of our ruling is simply overwhelming. *Evans* v. *Sanford*, (Minn.) 68 N. W. Rep. 21; *Northwestern C. & C. P. Co.* v. *Norwegian, etc., Seminary*, (Minn.) 45 N. W. Rep. 868; *Nystrom* v. *Mortgage Co.*, 47 Minn. 31, 49 N. W. Rep. 394; *Tulloch* v. *Rogers*, 52 Minn. 114, 53 N. W. Rep. 1063; *Bassett* v. *Menage*, 52 Minn. 121, 53 N. W. Rep. 1064; *Russell* v. *Hayden*,

(Minn.) 41 N. W. Rep. 456; *De Witt* v. *Smith*, 63 Mo. 263; *Martin* v. *Simmons*, (Colo. Sup.) 18 Pac. Rep. 535; *Laird-Norton Co.* v. *Hopkins*, (S. D.) 60 N. W. Rep. 857; *McNamee* v. *Rauch*, (Ind. Sup.) 27 N. E. Rep. 423; *Newcomer* v. *Hutchings*, 96 Ind. 119; *McHugh* v. *Slack*, (Wash.) 39 Pac. Rep. 674; *Steam Mills Co.* v. *Kremer*, (Cal.) 29 Pac. Rep. 633; *Kennedy* v. *House*, 41 Pa. St. 39; *Springer* v. *Kroeschell*, (Ill. Sup.) 43 N. E. Rep. 1084; *Cleverly* v. *Moseley*, (Mass.) 19 N. E. Rep. 394; *Brown* v. *Coke Co.*, 16 Wis. 556; *Bambrick* v. *King*, 59 Mo. App. 284. Nothing was said by this court in *Lavin* v. *Bradley*, 1 N. D. 291, 47 N. W. Rep. 384; which in any manner conflicts with our ruling in this case. In that case the party claiming the lien had, in attempting to describe the land on which the grain on which the seed lien was claimed was grown, described another parcel of land. The section on which it was grown was not described, but an entirely different section of land was described, in a manner to designate it with technical exactness. The case falls within the principle underlying the decision in *Lumber Co.* v. *Davie*, (Mont.) 32 Pac. Rep. 282. What was said in that case we reiterate and indorse, both with respect to the sufficiency of the description and the impossibility of reforming such instruments to correct errors therein. We have been unable to discover a single decision which would warrant a ruling in this case adverse to the appellants. We do not attempt to decide whether this description would be good as against third persons. Many of the cases intimate that a description good as between the parties may not be good as to subsequent purchasers or incumbrancers. In *Laird-Norton Co.* v. *Hopkins*, (S. D.) 60 N. W. Rep. 857, this distinction is clearly recognized. But in the case at bar the strife is only between the owner of the property and the parties claiming the lien.

The judgment of the District Court is reversed, and that court is directed to enter the usual judgment of foreclosure of a mechanic's lien for the sum of $536.18, with legal interest from August 17, 1893. The appellants will recover costs and disbursements in both courts. All concur.