# F. N. CHAFFEE v. FRED EDINGER.

(151 N. W. 223.)

**Seed-grain lien — conversion — damages — action — not triable de novo on appeal — specification of errors — demand for review on appeal.**

1. An action to recover damages for conversion of grain upon which plaintiff claims to hold a seed lien is not properly triable *de novo* on appeal. Hence, it is incumbent upon appellant to furnish in this court a specification of the errors complained of, and a specification that the appellant demands a review of the entire case in the supreme court is insufficient.

**Seed-grain lien — statement in writing verified by oath — description of land — necessary.**

2. Section 6852, Compiled Laws of 1913, providing that any person entitled to a seed lien shall file "*a statement in writing, verified by oath,* showing the kind and quantity of seed, its value, the name of the person to whom furnished, and *a description of the land* upon which the same is to be or has been planted or sown," is not complied with where such statement wholly omits a description of the land. Following Lavin v. Bradley, 1 N. D. 291.

Opinion filed February 16, 1915.

Appeal from County Court, Wells County, *Fred Jansonius,* County Judge.

Action by F. N. Chaffee against Fred Edinger. From a judgment in defendant's favor, plaintiff appeals.

Affirmed.

*T. F. McCue,* for appellant.

A description of land in a statement for seed-grain lien is sufficient if one, upon examination, can locate and distinguish such land from other lands. A description in a deed would be considered sufficient if a person of ordinary prudence, acting in good faith, upon inquiries, would be enabled to identify the property from the description given. Ford v. Ford, 24 S. D. 644, 124 N. W. 1108; Schuyler v. Wheelon, 17 N. D. 161, 115 N. W. 259.

"Words used in any statute are to be understood in their ordinary sense except when a contrary intention plainly appears." Rev. Codes 1905, § 6691.

Such a description in a deed would be good. Armstrong v. Mudd,

10 B. Mon. 144, 50 Am. Dec. 545; Camley v. Stanfield, 10 Tex. 546, 60 Am. Dec. 219; Miller v. Mann, 55 Vt. 475; English v. Roche, 6 Ind. 62; Berry v. Wright, 14 Tex. 270.

A description in a deed which designates the land as that *owned by the grantor,* and gives the location, is sufficient. Eufaula Nat. Bank v. Pruett, 128 Ala. 470, 30 So. 731; Brice v. Sheffield, 118 Ga. 128, 44 S. E. 843; Means v. De La Vergne, 50 Mo. 343.

*J. J. Youngblood,* for respondent.

A seed lien is statutory, and must in all particulars and essentials comply with the statute which gives the right. A description of the *land* is necessary. It must be in the lien itself. Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384; Moher v. Rasmusson, 12 N. D. 71, 95 N. W. 152.

The so-called lien is not a chattel mortgage, because Bezenko had no title to the crop. Angell v. Egger, 6 N. D. 391, 71 N. W. 547; Hawk v. Konouzki, 10 N. D. 37, 84 N. W. 563; Simmons v. McConville, 19 N. D. 788, 125 N. W. 304.

The complaint is wholly insufficient because it does state *facts.* When plaintiff pleads that he filed "a proper seed lien," he only states his *conclusion.* Neither does it show any right to possession in the plaintiff at the time of bringing the action, nor any right to foreclose, even if the lien were good. Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313.

Fisk, Ch. J. This is an appeal from the county court of Wells county. The action is one to recover damages for the alleged conversion of certain grain upon which plaintiff claims to hold a seed lien. It is therefore strictly an action at law, triable before a jury; but appellant has, notwithstanding such fact, sought to have the case tried *de novo* in this court, for the only specification contained either in the notice of appeal or in the appellant's brief is that the appellant demands a review of the entire case in the supreme court. It is, of course, entirely clear that we cannot retry such case *de novo,* but can only pass upon alleged errors properly specified. The governing statute is § 7656, Compiled Laws of 1913, which provides: "A party desiring . . . to appeal from a judgment or other determination of a district court or county court with increased jurisdiction, shall serve with the notice

of motion or notice of appeal, a concise statement of the errors of law he complains of. . . ." Section 7847, Compiled Laws of 1913, which does away with the necessity of furnishing abstracts on appeal, provides what the briefs shall contain, and among other things it prescribes that the brief of appellant shall contain all of the pleadings and the decision complained of, together with the specifications of error or insufficiency of the evidence, served with the notice of motion for a new trial or notice of appeal. Appellant's counsel, acting, no doubt, through the mistaken assumption that the action is in equity and triable *de novo* in this court, has omitted in his brief to furnish any specifications of error whatever. It is therefore apparent that appellant has wholly failed to present for our consideration on this appeal, any errors of which he complains. Such specifications are as essential under the new practice as assignments of error were under the former practice, and without them there is nothing for us to do but to affirm the judgment. Appellant's counsel has also failed to include in his brief the decision complained of as required by § 7847. While, perhaps, this omission is not of vital importance, we deem it proper to call attention thereto. This court will decline to explore the original record except when necessary to prevent a miscarriage of justice.

In view of the fact that respondent's counsel has raised no objection to the practice pursued by appellant, we have examined the original record, and we find that it is also devoid of any specifications of error. Notwithstanding such omission on appellant's part to furnish such specifications, we have made a sufficient examination into the merits of the case to convince us that the judgment appealed from is correct, and we will briefly state our reasons why such judgment should be affirmed, even if its correctness were properly challenged by specifications of error.

The so-called seed lien asserted by appellant contains no description of the real property upon which the seed furnished by him was to be sown. It reads as follows:

State of North Dakota ⎱
   County of Foster   ⎰ ss.

F. N. Chaffee, being duly sworn, says that on the 29th day of May,

A. D. 1911, he furnished to Jacob Bezenko 163.30 bushels of wheat of the value of $163.50; 14 bushels of oats of the value of $7, to be sown in the season of 1911 upon the following described land situate in the county of Wells and state of North Dakota; owned by said Jacob Bezenko, to wit:

That the value of the seed so furnished is $170.50, and that there is due on account of said seed furnished as aforesaid the sum of $170.-50, for which a lien is claimed by affiant upon the crop grown upon the Premises hereinbefore described.                F. N. Chaffee.

Subscribed and sworn to before me this 29th day of May, A. D. 1911.

J. C. Hoffert, Notary Public,
Foster County, North Dakota.

On the back of such lien statement is a statement signed by Jacob Bezenko, wherein he states that he has purchased and received from F. N. Chaffee the seed grain aforesaid, and agrees to sow all of the same during the season of 1911 upon the W.½ of sec. 12, twp. 147–68 in Wells county, N. D., and agrees to pay therefor the sum of $170.50 on October 1, 1911, with interest from the 29th day of May, 1911, at the rate of 12 per cent per annum. It also contains other statements not material to the controversy. This is a mere unsworn statement by the purchaser of the seed grain, and it is not contended that it is any part of the lien statement on the front portion of the sheet, and we are clear that it cannot be resorted to for the purpose of aiding such lien statement by furnishing a description of the land.

The statute, § 6852, Compiled Laws of 1913, is clear and specific, and must be complied with in order to obtain a lien thereunder. It provides: "Any person entitled to a lien under this chapter shall, within thirty days after the seed is furnished, file in the office of the register of deeds of the county in which the seed is to be sown or planted a statement in writing, *verified by oath, showing the kind and quantity of seed, its value, the name of the person to whom furnished, and a description of the land upon which the same is to be or has been planted or sown.* Unless the person entitled to the lien shall file such statement within the time aforesaid, he shall be deemed to have waived his right thereto."

The case at bar is ruled by Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384, wherein Mr. Justice Wallin, in speaking for the court on the point here involved, among other things, said: "The contention of appellant's counsel is that the omission to describe the right land . . . is fatal to the lien. In this counsel is entirely correct. No requirement of the statute under consideration is plainer, and certainly none is more important, than the provision of § 5492, requiring that the land on which the seed is sown or will be sown should be described in the instrument which is put on file. In construing the seed-lien statute, the fact must not be overlooked that the lien given is wholly statutory in its nature and origin. It was unknown at common law, and hence can neither be acquired nor enforced unless there has been a substantial compliance with the act of the legislature from which the lien arises. Kelly v. Seely, 27 Minn. 385, 7 N. W. 821. The lien may be obtained without the consent of the party to whom the seed is furnished, and without resort to legal proceedings. The lien is entirely analogous to the liens of mechanics and materialmen, and such liens are never extended by the courts beyond the fair and reasonable import of the language used in the statute." See also Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313.

For the above reasons the judgment appealed from is affirmed.