# ANGUS MacPHERSON, Respondent, v. TAYLOR CRUM, Appellant.

## (174 N. W. 751.)

**Mechanic's lien — description of property required in.**

1. Any description in a mechanic's lien statement which will enable a party familiar with the locality to identify the property with reasonable certainty is sufficient as between the parties. Howe v. Smith, 6 N. D. 432, followed.

**Mechanic's lien — description of premises — description sufficient that identifies the premises with reasonable certainty.**

2. The defendant was the owner of lot one (1) block twenty (20), Roberts' second addition to Fargo. The lot was 140 feet by 50 feet. There was a dwelling situated on the east 80 feet of the lot occupied by defendant and his wife. The lot had not been subdivided. In 1916 the plaintiff constructed for the defendant another dwelling on the west 60 feet of the lot. The plaintiff filed a mechanic's lien statement wherein he stated that between July 15, 1916, and December 15, 1916, he had performed labor in the construction of a dwelling on lot one (1) block twenty (20) Roberts' second addition to Fargo, and claimed a mechanic's lien for the amount due for such labor upon such dwelling and the land upon which it was situated. It is *held* that the description was sufficient, and that the lien was valid and enforceable against the owner, at whose request and for whose benefit the labor was performed.

Opinion filed July 7, 1919. Rehearing denied September 8, 1919.

Appeal by defendant from a judgment of the District Court of Cass County, *Allen,* Special Judge, awarding a foreclosure of a mechanic's lien.

Affirmed.

*J. E. Hendrickson* and *Taylor Crum, pro se,* for appellant.

The memorandum contract, plaintiff's said exhibit 3, and the specifications, plaintiff's exhibit 5, are by the express terms of plaintiff's said exhibit 3 consolidated into one instrument. These papers must be interpreted together in construing the contract, as if they were both embodied in one paper. N. D. Comp. Laws 1913, §§ 5901, 5902; Byers v. Farmers Ins. Co. 35 Am. Rep. 625; First Nat. Bank v. Flath, 10 N. D. 287.

Where the plans and specifications are by express terms made a part

of the contract, the terms of the plans and specifications will control with the same force as though incorporated in the very contract itself. 6 R. C. L. pp. 857, 867, §§ 245, 253.

Oral testimony as to this feature of the contract (the date when the house would be completed) which was not mentioned in the writings, is competent and material. Kupfer v. McConville, 35 N. D. 635; 17 Cyc. 741, § 39 et seq. and note; Schmidt v. Musson, 107 N. W. 362 et seq.; Erie Cattle Co. v. Guthrie, 44 Pac. 984; Manufacturers' Furnishing Co. v. Kremer, 6 N. W. 528; Wolthers v. King, 51 Pac. 35; Sievers v. Sievers, 32 Pac. 571; Guidery v. Green, 30 Pac. 786; Patek v. Waples, 72 N. W. 995; 4 Wigmore, Ev. pp. 3443, 3444, and note under § 2442.

No recovery can be had upon a mechanic's lien based upon this contract, as the plaintiff admittedly failed to show a compliance therewith. Kuper v. McConville, 35 N. D. 635; Stoltze v. Hurd, 20 N. D. 417.

It is elementary that the grammatical and ordinary sense of the words in a contract is to be adhered to, unless that would lead to some manifest absurdity or some repugnance. 6 R. C. L. p. 842, § 232.

It was error for the court to consider any oral or extrinsic testimony concerning "changes" or "extras," as that whole matter was covered by the written contract, to the effect that "changes" or "extras" should entail no extra expense without a written agreement to that effect. Johnson v. Bank, 12 N. D. 336; Alsterberg v. Bennett, 14 N. D. 596; 17 Cyc. 714 (b); Northern Light Lodge v. Kennedy, 7 N. D. 154, supra; Abbott v. Gatch, 71 Am. Dec. 635.

It was also an error for the trial court to consider any testimony on a *quantum meruit* as to "changes" or "extras." McLean v. News Pub. Co. 21 N. D. 95.

The lien is void for the reason that it does not contain "a just and true account of the demand due." Comp. Laws 1913, § 7820; Brennen v. White (Mich.) 56 N. W. 354; Stubbs v. College Springs & S. W. R. Co. (Iowa) 22 N. W. 654; Nicolai Brothers Co. v. Van Fridagh (Or.) 31 Pac. 288; Gibbs v. Hanchette (Mich.) 51 N. W. 691; Lynch v. Cronan, 6 Gray (Mass.) 531; McPherson v. Walton (N. J.) 11 Atl. 21.

The lien is void—not containing a correct description of the property to be charged, and the court erred in creating a new lien. Houglum

v. Browkowski, 33 N. D. 628; Comp. Laws 1913, § 6820; Engstad v. Grand Forks Co. 10 N. D. 58.

To be valid, all statutory liens, being unknown to the common law, must comply with the act of the legislature which authorizes the lien; and that when once filed the courts are powerless to amend an entirely new lien for the plaintiff. N. D. Comp. Laws 1913, §§ 6820, 6823; Lavin v. Bradley, 1 N. D. 296; Lyon v. Logan (Tex.) 17 S. W. 264; Ely v. Wren, 90 Pa. 148; Wilkerson v. Rust, 57 Ind. 179; Cowie v. Abrenstedt (Wash.) 25 Pac. 458; Whittier v. Mill Co. (Wash.) 33 Pac. 393; Maynard v. East (Ind.) 41 N. E. 839; Bowen v. Wickersham (Ind.) 24 N. E. 983; Howell v. Zerbee, 26 Ind. 214; Williams v. Porter, 51 Mo. 441; Munger v. Green, 20 Ind. 38; Atlas Lumber Co. v. Canadian Amer. Mfg. Co. 36 N. D. 43; Houglund v. Browkowski, 33 N. D. 628; Chafee v. Edinger, 29 N. D. 541; Stultz v. Hurd, 20 N. D. 418; Lumber Co. v. Boulger, 19 N. D. 518; Moher v. Rasmussen, 12 N. D. 74; Lumber Co. v. Children of Israel, 7 N. D. 49; Howe v. Smith, 6 N. D. 432; Martin v. Hawthorne, 5 N. D. 68; Parker v. Bank, 3 N. D. 88; Goss v. Strelitz, 54 Cal. 644; Lindley v. Cross (Ind.) 99 Am. Dec. 613; Fernande v. Burleson (Cal.) 42 Pac. 566; Meyer Lumber Co. v. Trygstad, 22 N. D. 562; Gates v. Brown (Wash.) 25 Pac. 914; Statson v. Mill Co. (Wash.) 32 Pac. 108; Rugg v. Hoovar (Minn.) 10 N. W. 473; Meyer v. Berland (Minn.) 40 N. W. 518; McDonald v. Rosengarten (Ill.) 25 N. E. 429; Minor v. Marshall (N. M.) 27 Pac. 483; Drake v. Green (Kan.) 29 Pac. 584; Griffin v. Booth (Ill.) 38 N. E. 552; Greely v. Harris (Col.) 20 Pac. 766; Morris v. Wilson (Cal.) 32 Pac. 801; Wiltsie v. Harvy (Mich.) 72 N. W. 134; Knox v. Starks, 4 Minn. 20, Gil. 7; Rose v. Perse & B. Paper Works, 29 Conn. 256; Wright v. Beardsley, 69 Mo. 548; Goodrich Lumber Co. v. Davie (Mont.) 32 Pac. 282; Iron Works v. Dorman, 78 Ala. 218.

The rule is that where lienable and nonlienable items are made the basis of a lumping charge, so that it cannot be perceived what proportion is chargeable to each, the benefit of the mechanic's lien is lost. Adler v. Pastime Co. 18 N. E. 811; Allen v. Elwart, 44 Pac. 827; Getty v. Ames, 48 Pac. 356; McClaim v. Hutton, 61 Pac. 274; Wagner v. Hanson, 37 Pac. 195; Williams v. Coal Co. 36 Pac. 159.

*Lovell & Horner,* for respondent.

The plaintiff is clearly entitled to a judgment for the balance due under his contract and for the extras furnished by him in accordance with the statement annexed to the lien, and is further entitled to a decree foreclosing the lien upon the west sixty (60) feet of said lot one (1). Cary Hardware Co. v. McCarty, 50 Pac. 745; Western etc. v. Montana etc. 77 Pac. 413; Fernandez v. Burlington, 42 Pac. 566; note in 26 L.R.A.(N.S.) 831; Bloom, Mechanic's Liens, p. 356, ¶ 405; Phillips, Mechanic's Liens, ¶¶ 379, 387.

PER CURIAM. This is an action to foreclose a mechanic's lien. From the judgment of the district court awarding a foreclosure, the defendant appeals and demands a trial *de novo* in this court.

The facts are substantially as follows: The plaintiff made a contract with the defendant whereby he agreed to do the carpenter work and superintend the construction of a dwelling for the defendant in the city of Fargo. Pursuant thereto plaintiff performed certain labor between July 15, 1916, and December 15, 1916, and, claiming an unpaid balance due amounting to $516.40, he filed a mechanic's lien therefor on January 2, 1917. In the lien the plaintiff stated that "under a contract with Taylor Crum, the owner of the premises hereinafter described, he performed labor upon the construction of a residence for the said Taylor Crum, said labor commencing on or about July 15, 1916, and continuing to on or about the 15th day of December, 1916, as specified in the annexed account, at the respective dates and at and for the respective prices specified in said account; for a certain residence and dwelling situated upon the following described land of which the said Taylor Crum was then and is now the owner thereof, to wit: Lot one in block twenty of Roberts' second addition to the city of Fargo, in Cass county, North Dakota." The lien statement sets forth the amount due the plaintiff for his labor, and asserts that a mechanic's lien is claimed in favor of said plaintiff upon said residence and dwelling, including the land hereinbefore described upon which the same is situated. The evidence shows that the said lot was 140 feet by 50 feet. This action involves a new two-story duplex house situated on and occupying the west 60 feet of said lot. Prior to this contract and construction there was a dwelling on, and occupying a portion of, the east 80 feet of said lot. Said dwelling was then, and for a long time prior

thereto had been, occupied by the defendant and his wife as their home. Said dwelling was entirely separate and distinct from the duplex constructed by the plaintiff. The trial court found that the west 60 feet of said lot were appurtenant to the building constructed, and the judgment rendered decreed a foreclosure upon the west 60 feet of said lot only; that is, the trial court restricted the lien to the land actually covered by the building constructed by the plaintiff.

In the trial court the defendant challenged, and before this court he challenges, the validity of the lien, upon the ground of incorrect and indefinite description of the property to be charged with the lien. He also asserted that the plaintiff had failed to comply with the terms of his contract, and hence was not entitled to a lien; and that under the terms of the written contract he was not entitled to recover for certain alleged extras. These claims were asserted by defendants by way of defense and counterclaims, and affirmative judgment was asked against the defendant for $799.77. No defense was made or right predicated upon the homestead character of the premises. The case was tried to the court without a jury. The trial court made findings in favor of the plaintiff as prayed for in his complaint, and disallowed the counterclaims. On this appeal defendant contends that the judgment is erroneous, and he presses the same contentions which were advanced in the court below. The evidence is quite extended. No good purpose would be subserved by reciting it in detail. Upon many points there is a direct conflict. The members of this court have individually considered the contentions advanced by the defendant, and they are all agreed that in so far as the trial court found that the defendant was indebted to the plaintiff for the amount claimed in the lien, and that defendant was not entitled to recover upon his counterclaims, the decision of the trial court is right, and should not be disturbed. The members are also all agreed that there is no merit in the contention that plaintiff has forfeited his right to claim a mechanic's lien. The only question upon which the members of this court have had any difference of opinion is with respect to the sufficiency of the description of the property in the lien statement. A majority of the court are of the opinion, however, that the description is sufficient.

Our statute provides that a person who desires to avail himself of the provisions of the mechanic's lien law shall file with the clerk of the

district court of the county where the property sought to be charged is situated, within ninety days after furnishing labor or materials, a just and true account of his demand, duly verified, containing a correct description of the property to be charged with such lien; "but a failure to file the same within the time aforesaid shall not defeat the lien, except as against purchasers or encumbrancers in good faith and for value whose rights accrue after the ninety days and before any claim for the lien is filed, or as against the owner, except the amount paid to the contractor after the expiration of the ninety days and before the filing of the same." Comp. Laws 1913, § 6820.

"The entire land upon which any such building, erection, or other improvement is situated, or to improve which the labor was done or things furnished, including that portion of the same not covered therewith, shall be subject to all liens created by this chapter to the extent of all the right, title, and interest owned therein by the owner thereof for whose immediate use or benefit such labor was done or things furnished. . . ." Comp. Laws 1913, § 6823.

Section 6818, Comp. Laws 1913, provides that if labor is done or materials furnished under a single contract for several buildings, erections, or improvements situated "upon a single farm, tract, or *lot*," the person furnishing such labor and materials shall be entitled to a lien therefor "upon all such buildings, erections, and improvements and the farm, tract, or *lot* upon which the same are situated."

The important means of identifying urban realty is the description according to the plat. Northwestern Cement & Concrete Pav. Co. v. Norwegian-Danish E. L. A. Seminary, 43 Minn. 452, 45 N. W. 868; 27 Cyc. 162. In this state express provision has been made for the filing and preserving of such plats, and penalties are imposed for placing city or village lots on sale until a plat has been made and filed. Comp. Laws 1913, §§ 3942–3958. It is undisputed that the description given in the lien statement in this case was the smallest legal subdivision that could be given. The lot was 140 feet long and 50 feet wide. It had not been subdivided. Under some of the authorities the plaintiff would be entitled to claim a lien upon the entire lot. See 18 R. C. L. p. 949. But in this case we are not concerned with that question, for the trial court limited the lien to that portion of the lot immediately appurtenant to the building on which the lien was claimed. The

lien is not defeated because the claim or statement describes more land than is subject to the lien; where there is no fraudulent intent and no one is injured thereby. 27 Cyc. 159. Nor is its validity affected by the fact that it does not cover as much land as might properly be included therein. 27 Cyc. 160.

It is true there were two houses on the lot at the time the lien was filed. But the lien statement expressly stated that the lien claimed was upon a house, in the construction of which plaintiff performed labor between July 15, 1916, and December 15, 1916. It would seem that, as between the parties at least, this description was entirely adequate. "It is only necessary that the statement or notice of lien should so describe the property that it can be reasonably recognized. In other words, a description is sufficient if it contains enough to enable a person who is familiar with the locality to identify the land intended to be described with reasonable certainty." Jones, Liens, 3d ed. § 1421. "The claimant is not required, before filing his claim of lien, to make an accurate survey of the lot upon which the building stands, at the risk of losing his lien if he makes a slight mistake in giving its boundaries, nor is he even required to give the boundaries of the lot." "The best rule," says Phillips (Phillips, Mechanics' Liens, § 379), "to be adopted, is that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanics' claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. It is enough that the description points out and indicates the premises, so that, by applying it to the land, it can be found and identified." This rule was approved by this court in Howe v. Smith, 6 N. D. 432, 434, 71 N. W. 552, and in effect has been reaffirmed in later decisions. It has also received the support of the courts and legal writers generally. See Bloom, Mechanics' Liens, § 402; Jones, Liens, 3d ed. § 1421; and authorities cited in Howe v. Smith, supra.

In Howe v. Smith, this court said: "Tested by the doctrine of these cases,—a doctrine universally recognized,—it is evident that the property was described with sufficient accuracy to make such description a

'correct description,' within the meaning of the statute. No one familiar with the locality and with all the facts—as the owner must be deemed to be—could possibly misunderstand what property was meant." 6 N. D. 435, 436. This language is applicable to this case.

Judgment affirmed.

GRACE, J. I concur in the result.

BRONSON, J. I dissent. This is an action to foreclose a mechanic's lien. From the judgment of the trial court awarding a foreclosure the defendant appeals and demands a trial *de novo* in this court. The substantial facts are as follows: The plaintiff made a contract with the defendant for certain carpenter work and superintending in the construction of a dwelling for the defendant in the city of Fargo. Pursuant thereto he performed certain labor in such work between July 15, 1916, and December 15, 1916, and, claiming an unpaid balance due for such work amounting to $516.40, he subsequently filed a mechanic's lien therefor. The lien describes the property as follows: "A certain residence and dwelling situated upon the following described land, of which the said Taylor Crum was then and is now the owner thereof, to wit: lot one (1) in block twenty (20) of Roberts' second addition to the city of Fargo in Cass county, North Dakota," and further asserts a lien upon such residence and dwelling including the land described for the amount due and unpaid. The contract concerned, and the work in question was performed in the construction of, a new frame two-story double house or duplex situated in the west 60 feet of said lot one. Prior to this contract and construction, there was a dwelling house on the east 80 feet of said lot one, occupied by the defendant and his wife as their home. The east 80 feet, the home of the defendant, was and is isolated from the west 60 feet by the house itself and by fences, and this fact the plaintiff knew during the period of the construction. In the trial court the defendant challenged, and before this court he challenges, the validity of the lien, upon grounds of incorrect and indefinite descriptions of the property to be charged with such lien. The trial court found that the west 60 feet of said lot were appurtenant to the new building so constructed, and the judgment rendered decrees a foreclosure of said lien upon the west 60 feet.

It is clear that, first, there is an indefinite description of the building itself in the lien statement; and, second, the land described includes a separate building with a separate curtilage, upon which the plaintiff did not do, and does not claim to have done, any work.

Section 6814, Comp. Laws 1913, grants to a person for labor done on a building a lien upon such building and upon the land belonging to the owner upon which the same is situated. Section 6820, Comp. Laws 1913, requires the lien claimant to file a correct description of the property to be charged with the lien. Section 6823, Comp. Laws 1913, provides that the entire land upon which any building is situated, including that portion not covered therewith, shall be subject to the lien so created.

There is no question that the defendant owned all of said lot one. The plaintiff has no lien upon the new building in question independent from the land, and no claim is so made. Comp. Laws 1913, §§ 6823, 6824; Gull River Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349; Green v. Tenold, 14 N. D. 46, 116 Am. St. Rep. 638, 103 N. W. 398; Powers Elevator Co. v. Pottner, 16 N. D. 359, 113 N. W. 703.

In other words, where there is a unity of title in the land and in the building thereon, the building is a fixture annexed to the realty, and the lien applies to such as realty and is not severable in the absence of an express statute so providing. Gull River Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349. See note in 62 L.R.A. 382.

The lien of the plaintiff herein must therefore stand or fall as lien upon realty pursuant to the statutory requirements.

Although in Salzer Lumber Co. v. Claflin, 16 N. D. 605, 113 N. W. 1036, this court said that the Lien Law, designed to protect materialmen and laborers, should be liberally construed to effectuate that purpose, nevertheless, in North Dakota Lumber Co. v. Bulger, 19 N. D. 516, 125 N. W. 883, the general principle is recognized and adopted that "a mechanic's lien is a creature of the statute, and every step prescribed by the statute must be shown to have been substantially followed, or it does not exist," and, further, that "the doctrine is well settled that, where one seeks to avail himself of the benefits of a purely statutory right, he must bring himself within its provisions, by complying with its terms." The lien in question is a realty lien; it is required to be filed to give notice to the owner and all persons concerned

in the realty of the property sought to be charged; there were two separate and distinct buildings and curtilages upon the property described; no person could know from the lien statement which building was claimed under the lien; the description was erroneous, and so the trial court recognized by carving out a curtilage appurtenant to the real building intended, to wit, the west 60 feet of said lot 1. In this case there is both an indefinite description of the building and an incorrect description of the land properly subject to any such lien.

Evidently, the trial court proceeded upon the theory that a proper description could be carved out of the description given, and that this could be done without any reformation of the lien.

In Minnesota it is held that the including in the description of a larger tract than is permitted by the Lien Law does not invalidate the lien, but the court may so carve out of such description the proper description applicable to the building in question. North Star Iron Works Co. v. Strong, 33 Minn. 1, 21 N. W. 740; Boyd v. Blake, 42 Minn. 1, 43 N. W. 485; Evans v. Sanford, 65 Minn. 271, 68 N. W. 21.

In the last case, Evans v. Sanford, supra, the description was east half of lot 7 and west half of lot 6, whereas the house in question claimed to be the basis of the lien was situated on the west half of lot 7 and the east half of lot 6. Here the court rejected the descriptions east half and west half as erroneous and surplusage under a statutory provision that provided any inaccuracy in the statement relating to the property should not invalidate the lien if such property can be reasonably recognized from the description. See also Ewing v. Allen, 99 Iowa, 379, 68 N. W. 702, which holds that under the Iowa statute the lien applied only to the house and the appurtenant grounds, and the court gave decree for one half of the lot where the lien was claimed for the whole lot.

The rule of construction herein must be applied in accordance with the statutory provisions existing in this state.

There exists no right to reform a statutory mechanic's lien in this state; the description must be such as to enable a party to identify the property with reasonable certainty. Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384; Howe v. Smith, 6 N. D. 432, 71 N. W. 552, citing with approval Goodrich Lumber Co. v. Davie, 13 Mont. 76, 32 Pac. 282; Chaffee v. Edinger, 29 N. D. 537, 151 N. W. 223.

In Howe v. Smith, 6 N. D. 435, 71 N. W. 552, the general rule was stated to be "that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. . . . It is enough that the description points out and indicates the premises so that, by applying it to the land, it can be found and identified."

It is unnecessary for us to determine whether the mere inclusion in a statutory mechanic's lien of a greater amount of land than that properly appurtenant to the building or subject to such lien will vitiate the lien or whether the court may reject the erroneous surplus area in determining the lien.

In the case at bar, the lien statement describes land which contains two separate buildings with two separate curtilages. There is no attempt to describe the building sought to be charged with the lien, as a "new" building, a "duplex or double house," or by any description which would serve to designate which of the two distinct and separate buildings on such described land was intended. The description contained in the lien will fit equally the home dwelling of the defendant and the land appurtenant, and the new double house and land appurtenant thereto. The description is double and uncertain. The plaintiff had no right to any lien on the home dwelling of the defendant and the land appurtenant, and the trial court so found by its determination. Plaintiff's lien must be confined to the land and its fixtures properly appurtenant to the building upon which the work was done. See note in 65 Am. St. Rep. 166, 578; Wilcox v. Woodruff, 61 Conn. 578, 17 L.R.A. 314, 29 Am. St. Rep. 222, 24 Atl. 521, 1056. In Smith v. Bowder, 31 S. D. 607, 141 N. W. 786, an affidavit for a mechanic's lien was filed, setting up a contract to furnish lumber and building material for a certain house used for a dwelling house upon lot 6 in Kellar Acres. The lien claimed was based upon a contract made to furnish building material to be used and that was used in the erection of two dwelling houses upon such lot, and upon which there was then existing another dwelling house occupied by the owner as his homestead. It was held that the claim for a lien was void for uncertainty, not only because the wording might indicate that it referred to the house already standing upon the premises, but also because, if it re-

ferred to one of the dwellings in the construction of which the material was, in fact, used, it in no manner pointed out or located upon which one of such dwellings it was intended to claim a lien.

Even though the plaintiff had made improvements on the home dwelling of the defendant under a separate contract, he could not have included the premises in this lien, so as to claim a lien upon both. Meyer Lumber Co. v. Trygstad, 22 N. D. 558, 134 N. W. 714; Stoltze v. Hurd, 20 N. D. 412, 30 L.R.A.(N.S.) 1219, 128 N. W. 115, Ann. Cas. 1912C, 871.

The uncertainty of the description is apparent; subsequent encumbrancers or purchasers cannot ascertain from the lien statement which of the properties was intended to be charged; property not chargeable with such is clouded by this apparent lien of record. At least the purpose of the statutory requirement is to designate with reasonable certainty to those who may be interested and concerned, the building and property sought to be charged.

There is no room for the application of the maxim, "That is certain which can be made certain." Neither can the insufficient description be aided by applying the test that no other property exists which answers, in any manner, the description given; the alleged lien, therefore, is void for uncertainty. Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384; Howe v. Smith, 6 N. D. 432, 71 N. W. 552; Chaffee v. Edinger, 29 N. D. 537, 151 N. W. 223; Phillips, Mechanics' Liens, §§ 385, 386; Boisot, Mechanics' Liens, § 433; Bloom, Mechanics' Liens, § 402.

In applying the rule of construction concerning a mechanic's lien, an interpretation should not be placed upon a description given which will permit to be placed of record lien claims upon land not subject to lien, thereby clouding the title to such land, and thereby jeopardizing the security of titles, and thereby inferentially holding that the court may reform an improper lien statement which covers two separate curtilages by carving out of the description a particular description to fit the premises which are properly subject to a lien.

The trial court therefore erred in adjudging the existence of a lien and in awarding the foreclosure thereof. Accordingly the judgment of the trial court should be modified. The money judgment against the defendant for $666.46 should be approved and affirmed. McCormack v. Phillips, 4 Dak. 506, 34 N. W. 39; Moher v. Rasmussen, 12 N. D.

71, 74, 95 N. W. 152; Smith v. Gill, 37 Minn. 455, 35 N. W. 178; 27 Cyc. 433.